UNITED STATES of America, Plaintiff,

v.

Nicholas E. MARSHALL, Defendant.

No. 42743.

United States District Court,
N. D. California.

March 3, 1971.

Asst. U. S. Atty., James L. Hazard, San Francisco, Cal., for plaintiff.

John T. Hansen, San Francisco, Cal., appointed by the court in the capacity of attorney-advisor, for defendant.

## MEMORANDUM AND ORDER

PECKHAM, District Judge.

This matter comes before the Court under 28 U.S.C. § 2255 to set aside defendant's sentence entered upon his plea of guilty to the offense of refusing to submit to induction. 50 U.S.C.App. § 462. The basis for the motion is that the guilty plea was allegedly not a knowing and intelligent plea.

The background of the present proceeding is of some importance. At his arraignment, defendant indicated his desire to proceed without counsel, but a public defender was appointed to aid defendant in an advisory capacity. Defendant remained adamant in his intention not to be assisted by counsel, and in fact appeared without counsel at a subsequent occasion for the taking of his plea. Defendant wished to plead guilty, but the Court put the matter over for a week to give him an opportunity to peruse his selective service file and to reconsider his decision to waive his right to court-appointed counsel. Upon reappearing for plea, defendant waived his rights to counsel and to a trial and pleaded guilty to the offense as charged in the indictment. He was subsequently placed upon probation for five years, although probation would be terminated upon the completion of twenty-four months work of national importance.

Defendant complied with the work requirement in the Court's judgment for about twelve months by performing janitorial work in a Philadelphia hospital. He then decided, however, that as a matter of conscience he could no longer obey the probation order; he therefore quit his job and left his probation district (E.D.Pa.). In probation revocation proceedings before this Court (the Court had retained jurisdiction of the case, transferring only the probation supervision), defendant elaborated his views: he could not in good faith continue to do work contributing to the national health, safety, or interest, because of the alleged immorality of the entire draft system. He wished to be set free or else sent to prison. Defendant once again refused to be represented by court-appointed counsel, but the Court nonetheless appointed counsel to serve as legal advisor. After several hearings, at which the legal advisor was present but at which defendant still purported to represent himself, defendant was sentenced to one year in prison.

Defendant's legal advisor now brings this motion under 28 U.S.C. § 2255 to vacate the original judgment and sentence and to compel a trial of the selective service violation. Defendant at first opposed such a proceeding on his behalf, but subsequently acquiesced. The motion is grounded in the contention that defendant's plea of guilty, entered without the assistance of counsel, was not a knowing and intelligent plea since defendant himself could not understand the potential technical defenses available to him. Counsel then argues

that there were in fact meritorious defenses available to defendant. For the reasons to be stated herein, the Court denies the motion.

In discussing the nature of a guilty plea, the Supreme Court has said that:

A defendant who enters such a plea simultaneously waives several constitutional rights, including his privilege against compulsory self-incrimination, his right to trial by jury, and his right to confront his accusers. For this waiver to be valid under the Due Process Clause, it must be "an intentional relinquishment or abandonment of a known right or privilege." Johnson v. Zerbst, 304 U.S. 458, 464, 58 S. Ct. 1019, 82 L.Ed. 1461 [1466] 146 A. L.R. 357 (1938). Consequently, if a defendant's guilty plea is not equally voluntary and knowing, it has been obtained in violation of due process and is therefore void. Moreover, because a guilty plea is an admission of all the elements of a formal criminal charge, it cannot be truly voluntary unless the defendant possesses an understanding of the law in relation to the facts.

McCarthy v. United States, 394 U.S. 459, 466, 89 S.Ct. 1166, 1171, 22 L.Ed.2d 418 (1969). See also Brady v. United States, 397 U.S. 742, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970) notes 4 and 5 and cases cited therein. The validity of any given guilty plea will vary with the circumstances of the particular case, since the voluntariness and intelligence of a decision to plead guilty will depend upon such factors as the education of the defendant and the complexity of the offense charged. Rule 11 of the Federal Rules of Criminal Procedure dictates inquiry into these factors.

■■ At the time of plea, as at every stage of a criminal proceeding, the indigent defendant of course has the right to court-appointed counsel. Like other constitutional rights, however, this right is waivable. The Constitution, that is, does not require every defendant to accept the assistance of counsel;

rather it requires only that a decision *not* to accept such assistance be voluntary and knowing. Adams v. United States, 317 U.S. 269, 275, 63 S.Ct. 236, 87 L.Ed. 268 (1942); Johnson v. Zerbst, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938).

■ The relationship between the right to counsel and the validity *vel non* of a guilty plea has been a subject of discussion in recent Supreme Court cases. It is clear, for example, that a guilty plea in the absence of counsel and without a valid waiver of counsel is invalid. Brady v. United States, 397 U.S. 742, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970). Likewise invalid is a plea of guilty on advice of counsel so incompetent as to be constitutionally ineffective. See McMann v. Richardson, 397 U.S. 759, 770–771, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970). On the other hand, a guilty plea is not open to collateral attack if entered upon competent advice of counsel, even though the plea may have been motivated by a coerced confession. McMann v. Richardson, *supra.*

In the instant case, the situation is one of a guilty plea in the absence of counsel, but with a purported waiver of the right to counsel. The initial inquiry, therefore, is whether the waiver of counsel was valid, for if it was *not*, then the guilty plea must fall. Brady v. United States, *supra.* The transcript of the two hearings before this Court at which defendant's plea was taken, however, makes it quite clear that defendant's waiver of counsel was in fact valid. The Court inquired into defendant's educational background, ascertaining that he had completed one and one-half years of college. (Reporter's Transcript 7). The Court advised defendant that selective service law "is a fairly sophisticated area of the law" and that defendant would therefore be wise to accept the appointment of counsel (RT 10). The Court put over for one week the taking of the plea so that defendant could reflect upon his decisions to reject the aid of counsel and to plead guilty. (RT 10). In the face of

**596**

all this, defendant's waiver of his right to counsel was clear and unequivocal.[1]

■ Given the undeniably valid waiver of counsel, defendant's guilty plea arguments lose their force. For example, the contention is made that if a guilty plea entered upon the advice of constitutionally ineffective counsel is vulnerable, then *a fortiori* a guilty plea entered without *any* assistance of counsel is likewise vulnerable. (Traverse p. 4) The fault with this argument is its failure to recognize that "A defendant may plead guilty without counsel when he waives representation by counsel." L. Orfield, 2 Criminal Procedure Under the Federal Rules § 11:67. See also Wright, 1 Federal Practice and Procedure § 171 at 356. That is, the argument erroneously assumes that an uncounseled guilty plea is *per se* vulnerable. Overlooked is the fact that the right to counsel is a waivable right, and that it was in fact validly waived in this case after extensive, concerned questioning by the Court. The argument also founders when it is realized that the two situations to which it alludes are not comparable in common sense terms: In one instance, the defendant *wants* counsel, *wants* effective legal assistance, but is denied this because of incompetent counsel; whereas in the other instance, the defendant intelligently decides and expressly states that he does *not* want any counsel. The Constitution and Supreme Court decisions allow the latter defendant to make that decision: Advice of counsel is not an essential ingredient of every valid guilty plea. Adams v. United States, 317 U.S. 269, 63 S.Ct. 236, 87 L.Ed. 268 (1942); Von Moltke v. Gillies, 332 U.S.

708, 68 S.Ct. 316, 92 L.Ed. 309 (1948) (separate opinion of Frankfurter and Jackson, JJ.).

■ Defendant's legal advisor further argues that since this case centers around an area of the law, selective service, too complex and intricate to be cognizable to the uncounseled layman, that the defendant's guilty plea must therefore be stricken because it was necessarily not a knowing, intelligent plea. But this argument is also infirm since it misconstrues the kind of understanding which a defendant must have in order to enter a valid plea of guilty. Rule 11 of the Federal Rules of Criminal Procedure governs federal district court procedure with regard to pleas. The rule provides in part that

> The Court may refuse to accept a plea of guilty, and shall not accept such plea * * * without first addressing the defendant personally and determining that the plea is made voluntarily with understanding of the nature of the charge and the consequences of the plea.

Of this language, the Ninth Circuit Court of Appeals has said:

> As indicated by the wording of the rule, the two questions of fact which the court must determine are whether the plea of guilty is made voluntarily, and whether it is made with understanding of the nature of the charge. In order to determine whether a plea of guilty is made with understanding of the nature of the charge, it is necessary for the court to take steps to satisfy itself that the defendant understood: (1) the meaning of the

---

1. RT 16: THE COURT: * * * You could have any one of those attorneys [whom defendant had seen try draft cases] appointed for you if you suggest to me whom you would like, or any other one whom you haven't seen.
   THE DEFENDANT: I don't want anybody.
   THE COURT: I was hopeful, Mr. Marshall, that in seeing the judicial process in action in this area that you would be persuaded to have counsel.

THE DEFENDANT: It hasn't persuaded me yet.
   * * * * *
   THE COURT: You don't desire to speak to the public defender, Mr. Harry Singer?
   THE DEFENDANT: No.
   THE COURT: I know he would talk to you.
   THE DEFENDANT: Yes, I know he would, too.

charge, (2) what acts are necessary to establish guilt, and (3) the consequences of pleading guilty to the charge. [citation omitted].

Munich v. United States, 337 F.2d 356, 359 (1964).[2]

The criminal defendant, therefore, need not have a lawyer's understanding of the offense with which he is charged in order to enter a valid guilty plea. What it is that he must possess if he chooses to proceed without counsel is a significant enough appreciation of the charge against him and the acts constituting that charge so that he can rationally decide to plead guilty. To say that a lawyer's understanding is a prerequisite to a valid guilty plea entered in the absence of counsel is really to say that in certain complex areas of the law,[3] uncounseled guilty pleas will simply not be accepted. As a matter of the administration of criminal justice, such a policy may or may not be desirable. But nei-

ther Rule 11 nor the Constitution[4] requires such a result.[5]

In the present case, Rule 11 was abundantly complied with. The Court fully advised defendant of the nature of the charge; that there were defenses which could be raised in his behalf; and of the range of possible sentencing consequences upon a plea of guilty. (RT 16, 17, 9–11). Again, the Court admonished defendant to accept court-appointed counsel. (RT 16). The Court inquired of defendant repeatedly until a factual basis for the plea was established. (RT 6–8, 19–21, 23). The plea was thus entered with understanding of the charge and of the consequences of the plea. Further, there is no question that the plea was voluntary: the Court determined that the defendant was not under any sedation or medication; that he had not taken any drugs or liquor in the last 24 hours; that no one had made any promises to defendant of lenient treatment in the event of a guilty plea; and

2. While Rule 11 was amended in 1966, after the *Munich* decision, the amendments did not change the rule in such a way as to undermine the Court of Appeals' conclusions.

3. This points up another serious difficulty with the tendered argument: presumably not every area of the law is so complex as to preclude the acceptance of uncounseled guilty pleas, otherwise the Court is being urged to hold that an uncounseled guilty plea can never be accepted. But once we stop short of this extreme, we are then confronted with having to specify, case by case, whether or not the law there involved is so complex as to preclude a valid uncounseled guilty plea. Moreover, while selective service law is certainly technical, it may well be incorrect to say that selective service technicalities are more unintelligible to the lay defendant than, say, the subtleties of analysis in the law of conspiracy.

4. Whether or not Rule 11 is constitutionally mandated has not been authoritatively decided. McCarthy v. United States, 394 U.S. 459, 465, 89 S.Ct. 1166, 22 L.Ed. 2d 418 (1969). Nonetheless, Rule 11 is designed to facilitate the constitutionally required inquiry into voluntariness, and the *McCarthy* decision held that noncompliance with the rule will result in

an automatic setting aside of the guilty plea. See also Heiden v. United States, 353 F.2d 53 (Ninth Cir. 1965) and United States v. Youpee, 419 F.2d 1340 (Ninth Cir. 1969).

5. The conclusion of this Court is buttressed by the Ninth Circuit's decision in Hodge v. United States, 414 F.2d 1040 (1969). In that case, the criminal defendant went to trial and chose to represent himself, thereby waiving his right to counsel. The Court stated:

> The question before the [trial] judge was not whether the defendant was professionally capable of acting as his own lawyer. Few defendants are, and the right of self-representation is not so conditioned. The question was simply whether the defendant understood the charges against him and was fully aware of the fact that he would be on his own in a complex area where experience and professional training are greatly to be desired. 414 F.2d at 1043.

While *Hodge* was not a guilty plea case, the decision is instructive since the Court did not demand a professional's capability of the defendant choosing to represent himself at trial. Similarly, this Court does not require a professional's understanding of the defendant choosing to plead guilty.

that no threats or duress had been brought to bear upon him in order to induce a guilty plea. (RT 17, 18).

Accordingly, this Court holds that judgment was entered and sentence pronounced in this case upon a valid plea of guilty, and that defendant validly waived his constitutional right to court-appointed counsel. Defendant's motion under 28 U.S.C. § 2255 is therefore denied.

So ordered.