Tony SANTILLANES,
Petitioner-Appellant,

v.

UNITED STATES PAROLE COMMIS-
SION and Bureau of Prisons,
Respondents-Appellees.

No. 83–1838.

United States Court of Appeals,
Tenth Circuit.

Feb. 11, 1985.

Edwin Macy, Asst. Federal Public De-
fender, Albuquerque, N.M., for petitioner-
appellant.

William L. Lutz, U.S. Atty., and Jennifer
A. Salisbury, Asst. U.S. Atty., District of
New Mexico, Albuquerque, N.M., for re-
spondents-appellees.

Before McKAY, LOGAN and SEY-
MOUR, Circuit Judges.

McKAY, Circuit Judge.

After examining the briefs and the appel-
late record, this three-judge panel has de-
termined unanimously that oral argument
would not be of material assistance in the
determination of this appeal. *See* Fed.R.
App.P. 34(a), Tenth Circuit R. 10(e). The
cause is therefore submitted without oral
argument.

Appellant appeals from the district
court's dismissal of his petition for a writ
of habeas corpus.

Appellant was convicted on March 12,
1973, and sentenced to a term of ten years
imprisonment. After serving about 63
months of his sentence, he was released on
parole. Almost four years later, appellant
was returned to custody for several parole
violations.

Based on the evidence and on appellant's admissions at the revocation hearing, the parole commission determined that appellant had violated the conditions of parole in five respects: failure to reside in a designated alternative house; use of alcohol and dangerous drugs; aggravated battery; failure to report arrest; association with persons engaged in criminal activity; and conviction for driving while intoxicated.

At the time of the revocation hearing appellant had been convicted only on the driving while intoxicated charge.[1] In addition to being grounds for revocation of parole, a conviction for criminal conduct during release on parole is grounds for forfeiture of street time. Absent forfeiture, street time is credited to a defendant's service of his sentence. 28 C.F.R. § 2.52 (1984). Pursuant to its authority under § 2.52,[2] the parole commission ordered appellant's street time forfeited due to his state court conviction for driving while intoxicated.

Appellant contends that this order was constitutionally improper. Appellant does not suggest that the conviction for driving while intoxicated does not justify forfeiture of his street time. However, defendant contends that the forfeiture in his case was improper because his conviction, for which he served a five day sentence, was obtained without the assistance of counsel and without a waiver of his right to counsel.

The district court held that the defendant had not been improperly deprived of credit for his street time, that no constitutional issue was present, and that there was no need for an evidentiary hearing.

I.

Before reaching the merits of this appeal, we must first respond to appellee's assertion that the district court lacked jurisdiction over appellant's petition for a writ of habeas corpus. At the time the petition was filed, the appellant was incarcerated in Albuquerque, New Mexico. Subsequent to filing the petition but prior to the rendering of judgment, the appellant was removed from Albuquerque, New Mexico, to his present location of incarceration in El Reno, Oklahoma.[3]

 It is well established that jurisdiction attaches on the initial filing for habeas corpus relief, and it is not destroyed by a transfer of the petitioner and the accompanying custodial change. *Ahrens v. Clark*, 335 U.S. 188, 193, 68 S.Ct. 1443, 1445, 92 L.Ed. 1898 (1948); *Weeks v. Wyrick*, 638 F.2d 690, 692–93 (8th Cir.1981); *McClure v. Hopper*, 577 F.2d 938, 939–40 (5th Cir. 1978), *cert. denied*, 439 U.S. 1077, 99 S.Ct. 854, 59 L.Ed.2d 45 (1979); *Smith v. Campbell*, 450 F.2d 829, 831–33 (9th Cir.1971). Since the United States District Court for the District of New Mexico had jurisdiction over this habeas corpus petition at the time the petition was filed, that jurisdiction was not defeated by the petitioner's subsequent transfer. The district court properly entered its judgment.

---

**1.** Appellant stipulated in the habeas corpus proceeding that, subsequent to the revocation hearing, he was convicted of one count of misdemeanor assault and sentenced to serve one year imprisonment on that conviction.

**2.** 28 C.F.R. § 2.52(c) states that:
"A parolee whose release is revoked by the Commission will receive credit on service of his sentence for time spent under supervision, except as provided below:

. . . . .

(2) If the parolee has been convicted of a new offense committed subsequent to his release of [sic] parole, which is punishable by a term of imprisonment, forfeiture of the time from the date of such release to the date of execution of the warrant shall be ordered, and such time shall not be credited to service of

the sentence. An actual term of confinement or imprisonment need not have been imposed for such conviction; it suffices that the statute under which the parolee was convicted permits the trial court to impose any term of confinement or imprisonment in any penal facility. If such conviction occurs subsequent to a revocation hearing, the Commission may reopen the case and schedule a further hearing relative to time forfeiture and such further disposition as may be appropriate...."

**3.** Although petitioner originally filed his petition under 28 U.S.C. § 2255, because he was a pro se petitioner his filing was construed as a proper § 2241 filing, *see*, *Freeley v. United States*, 465 F.2d 1403 (5th Cir.1972).

## II.

Appellant's claim that he was denied assistance of counsel raises a legitimate question about the constitutionality of his conviction for driving while intoxicated. In *Argersinger v. Hamlin*, 407 U.S. 25, 92 S.Ct. 2006, 32 L.Ed.2d 530 (1972), the Supreme Court rejected the contention that assistance of counsel is only constitutionally required in the prosecution of nonpetty offenses punishable by more than six months imprisonment. Rather, the Court held that "no person may be imprisoned for any offense ... unless he was represented by counsel at his trial." *Id.* at 37, 92 S.Ct. at 2012. The fact that defendant pleaded guilty to this misdemeanor charge does not change the result. *See Von Moltke v. Gillies*, 332 U.S. 708, 68 S.Ct. 316, 92 L.Ed. 309 (1948). If, as appellant claims, he was denied assistance of counsel, his conviction is constitutionally invalid.

Not all collateral use of constitutionally invalid uncounseled convictions is improper, *see Lewis v. United States*, 445 U.S. 55, 100 S.Ct. 915, 63 L.Ed.2d 198 (1980) (illegal possession of firearms by felon requires inquiry into the mere fact of the felony conviction—not into the conviction's reliability), but the Supreme Court has consistently held that when the constitutionally invalid uncounseled conviction is being used to support guilt or enhance punishment, its use is improper. *Burgett v. Texas*, 389 U.S. 109, 88 S.Ct. 258, 19 L.Ed.2d 319 (1967) (invalid uncounseled conviction cannot form a basis for enhanced penalty after later conviction); *United States v. Tucker*, 404 U.S. 443, 92 S.Ct. 589, 30 L.Ed.2d 592 (1972) (constitutional invalidity of prior conviction must be considered by judge in sentencing defendant).

Defendant relies on *Baldasar v. Illinois*, 446 U.S. 222, 100 S.Ct. 1585, 64 L.Ed.2d 169 (1980), for his argument that even if his DUI conviction was valid it could not be collaterally used to forfeit his street time and thus enhance his time spent incarcerated. In *Baldasar*, a plurality of the Supreme Court held that even a constitutionally valid uncounseled misdemeanor conviction could not be used to upgrade a later conviction from misdemeanor to felony under the Illinois enhancement statute. Justices Stewart, Marshall, Stevens and Brennan felt that since a prison sentence could not be imposed directly on the basis of an uncounseled conviction, *see Scott v. Illinois*, 440 U.S. 367, 99 S.Ct. 1158, 59 L.Ed.2d 383 (1979), such prior uncounseled misdemeanor convictions, though valid in themselves when no prison sentence is imposed, could not be used collaterally to impose an increased term of imprisonment upon the subsequent conviction. Justice Blackmun's concurrence rested on a more narrow ground. He felt that only invalid convictions cannot be used collaterally. He was of the view that Baldasar's first conviction was invalid because he believed any nonpetty misdemeanor required assistance of counsel. He therefore concluded that Baldasar's first misdemeanor conviction could not be used to enhance his punishment upon the later conviction.

In *Marks v. United States*, 430 U.S. 188, 193, 97 S.Ct. 990, 993, 51 L.Ed.2d 260 (1977), the Court held that when no opinion in one of its decisions commands the support of the majority of the justices, the holding of the Court is the position taken by the justices who based their acquiescence in the decision on the narrowest grounds. Thus, the holding in *Baldasar* is Justice Blackmun's rationale that an invalid uncounseled conviction cannot be used to enhance a subsequent conviction.

■ Certain conclusions follow from these decisions by the Supreme Court. When the proper use of the prior constitutionally infirm conviction depends upon its reliability rather than the mere fact of conviction, the use of that conviction to support guilt or enhance punishment is unconstitutional because it erodes the safeguard announced in *Gideon v. Wainwright*, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963).

The use of petitioner's prior conviction in this case clearly depended upon the reliability of that conviction. The regulations followed by the commission allow forfeiture of street time only upon conviction of a

new offense. The commission is not given any discretion to order forfeiture of street time based upon its belief, no matter how well founded, that the parolee actually committed the crime.[4] Thus the use of a constitutionally infirm conviction in petitioner's case would erode the safeguard established in *Gideon v. Wainwright* and fly in the face of the Supreme Court decisions examined above. If the prior conviction was valid, it can be used to forfeit appellant's street time even though it was uncounseled.

■ It follows from our discussion that defendant presented a constitutional issue in his petition for habeas corpus. The trial court erred in holding that no constitutional issue was present and that there was no need for an evidentiary hearing. On remand the court should determine whether the petitioner in fact waived his right to counsel in the state court proceeding. *See United States v. Marshall*, 323 F.Supp. 593, 596 (N.D.Cal.1971). Also, in light of petitioner's stipulation that he was convicted of assault subsequent to the revocation hearing which would be grounds for reopening of the revocation hearing and forfeiture of his street time under 28 C.F.R. § 2.52(c), the district court should determine whether further proceedings on the habeas corpus petition should be stayed pending parole commission action which may render the habeas corpus petition moot. Finally, in light of the jurisdictional issues raised by respondent on appeal, the district court should determine whether venue in this case is proper in the District of New Mexico. *See Weeks v. Wyrick*, 638 F.2d 690, 693 (8th Cir.1981).

REMANDED.

---

**4.** *Compare* 28 C.F.R. § 2.52(a) (parole commission is authorized to revoke parole if it finds by a preponderance of the evidence that a violation of a condition of parole has occurred).