**Robert Lee WRIGHT, Jr.**

v.

**M.R. LACY, et al.**

**Civ. No. 5–86–215.**

United States District Court,
D. Minnesota,
Fifth Division.

June 24, 1987.

As Amended July 22, 1987.

Robert Lee Wright, Jr., pro se.

Jerome G. Arnold, U.S. Atty. by Joan N. Ericksen, Asst. U.S. Atty., Office of the U.S. Atty., Minneapolis, Minn., for respondents.

## ORDER

ROSENBAUM, District Judge.

This matter is before the Court on the plaintiff's application for a writ of habeas corpus pursuant to 28 U.S.C. Section 2241. Plaintiff tenders this appeal from a Report and Recommendation of the United States Magistrate, dated March 16, 1987, recommending the petition be denied. Based upon a de novo review of the files, records and proceedings herein, and for the reasons set forth below, the Magistrate's recommendation is not adopted and petitioner's application for a writ of habeas corpus is granted.

*Facts*

Petitioner Wright is presently confined at the Residential Treatment Center, Waterloo, Iowa.[1] His relevant federal criminal offense took place on June 15, 1976, when he was arrested for possession of a sawed off shotgun. On January 17, 1977, in the United States District Court for the Northern District of Iowa, Wright was found guilty of multiple federal firearm violations, and on January 23, 1978, he received a 17 year sentence. This sentence was subsequently modified to 15 years, on March 27, 1979.

Wright was initially paroled on December 20, 1979. On October 2, 1980, his parole was revoked by the United States Parole Commission, based on its finding of three separate parole violations by Wright,

---

1. Petitioner Wright was recently transferred from the Federal Correctional Institute (FCI) in Sandstone, Minnesota to the Residential Treatment Center in Waterloo, Iowa. This petition for habeas corpus was filed while petitioner resided at the FCI in Sandstone, Minnesota. It is well established that jurisdiction attaches on the initial filing for habeas corpus relief, and it is not destroyed by a transfer of the petitioner and the accompanying custodial change. *Ahrens v. Clark*, 335 U.S. 188, 193, 68 S.Ct. 1443, 1445, 92 L.Ed. 1898 (1948); *Weeks v. Wyrick*, 638 F.2d 690, 692–93 (8th Cir.1981).

arising out of an arrest for third degree theft and a conviction for first degree burglary. On July 5, 1983, Wright was again paroled to a detainer from the State of Iowa. He was released from custody by the State of Iowa on October 31, 1983, and placed on state probation.

On October 31, 1985, at the request of Wright's parole officer, the United States Parole Commission issued a parole violation warrant, charging Wright with four parole violations. On February 18, 1986, after several hearings, the Commission revoked Wright's parole and ordered forfeiture of his street time [2] based on two convictions:

1) Simple Assault for which Wright was found guilty on July 29, 1985. This conviction was based on Wright's plea of guilty. For this offense he was fined $25 and costs; and,

2) Fifth Degree Theft (shoplifting), for which Wright was found guilty on December 4, 1985. This conviction was based on Wright's plea of guilty. For this offense he was fined $50.00.

Wright appealed the Parole Commission's determinations revoking his parole and forfeiting his street time. On May 21, 1986, the Commission's National Appeals Board affirmed the Parole Commission's determinations of revocation and forfeiture.

On August 25, 1986, petitioner filed this application for a writ of habeas corpus, seeking a prompt new parole hearing to reconsider whether he violated his parole, and further seeking an order restoring his street time. Petitioner challenges the revocation of his parole and the forfeiture of his street time on two grounds. First, Wright claims the Commission abused its discretion in classifying his behavior as severity level "2".[3] Second and more fundamentally, petitioner asserts that the Parole Commission, in violation of his constitutional rights, improperly relied upon the convictions for simple assault and shoplifting in its revocation and forfeiture determinations. Plaintiff argues that such reliance was unconstitutional because both convictions were based on guilty pleas obtained without benefit of counsel and absent a knowing and voluntary waiver of the right to counsel.

The Parole Commission, in response, contends that even if the guilty pleas were uncounseled, both convictions are valid and were properly considered by the Parole Commission in its revocation and forfeiture determinations. It is the Parole Commission's position that petitioner bears the burden of proving the convictions were based on uncounseled pleas. It then contends the petitioner has failed to sustain this burden. For the reasons set forth below, the Court holds that the Parole Commission's position is erroneous.

*Discussion*

Pursuant to 28 C.F.R. § 2.52 the Parole Commission may revoke parole if it finds by a preponderance of the evidence that the parolee has violated a condition of parole. Moreover, the Commission shall order forfeiture of the parolee's street time if it finds that after his release to parole, the parolee has been "convicted of a new offense" punishable by a term of imprisonment.[4]

---

**2.** Street time refers to the time from the date of a parolee's release on parole to the date of the execution of a parole violator warrant. Street time is usually credited to the service of the sentence, unless forfeited.

**3.** The Court declines to consider this ground because, as is seen hereafter, examination of the second ground is dispositive.

**4.** 28 C.F.R. Section 2.52(c) states that:
A parolee whose release is revoked by the Commission will receive credit on service of his sentence for time spent under supervision, except as provided below: ...
(2) If the parolee has been convicted of a new offense committed subsequent to his release of parole, which is punishable by a term of imprisonment, forfeiture of the time from the date of such release to the date of execution of the warrant shall be ordered, and such time shall not be credited to service of the sentence. An actual term of confinement or imprisonment need not have been imposed for such conviction; it suffices that the statute under which the parolee was convicted permits the trial court to impose any term of confinement or imprisonment in any penal facility. If such conviction occurs subsequent to a revocation hearing, the Commission may reopen the case and schedule a further hearing relative to time forfeiture and such further disposition as may be appropriate....

It is axiomatic that on an appeal from a parole revocation and forfeiture of street time, the proper standard of review is abuse of discretion. *Whitehead v. United States Parole Commission,* 755 F.2d 1536 (11th Cir.1985); *Bialkin v. Baer,* 719 F.2d 590, 593 (2nd Cir.1983); 18 U.S.C. § 4218(d). Applying this standard, the Court must determine whether the Parole Commission abused its discretion in relying upon the allegedly uncounseled convictions to underlie its determination that petitioner violated a condition of his parole and that he was convicted of a "new offense" punishable by a term of imprisonment.

■ It is certain that a defendant in a criminal prosecution has a constitutional right to assistance of counsel under the Sixth and Fourteenth Amendments of the United States Constitution. *Gideon v. Wainwright,* 372 U.S. 335, 342, 83 S.Ct. 792, 795, 9 L.Ed.2d 799 (1963). The right to counsel requires only that "no indigent criminal defendant be sentenced to a term of imprisonment unless the State has afforded him the right to assistance of appointed counsel in his defense." *Scott v. Illinois,* 440 U.S. 367, 374, 99 S.Ct. 1158, 1162, 59 L.Ed.2d 383 (1979). In further analyzing this right, the Supreme Court has ruled that when the defendant is convicted, without counsel, of a non-felony offense for which he is not actually incarcerated, his constitutional right to counsel is not violated, even absent a waiver. *Scott v. Illinois,* 440 U.S. at 373–74, 99 S.Ct. at 1161–62.

It is uncontroverted that petitioner was not actually incarcerated for these simple assault and shoplifting convictions. It must be made clear, therefore that under *Scott v. Illinois,* both convictions, even if uncounseled, are, in and of themselves, valid. 440 U.S. at 373–74, 99 S.Ct. at 1161–62.

The issue presented here is finer than the validity of Wright's conviction vis-a-vis the State of Iowa. The Court is well aware that a parolee contesting revocation of his parole cannot relitigate issues determined against him in other fora. *Morrissey v. Brewer,* 408 U.S. 471, 490, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972). The issue presented in this case is not Wright's collateral attack on the underlying prior convictions; rather, it is the Parole Commission's collateral use of those allegedly uncounseled convictions for its own purposes in revoking Wright's parole and forfeiting his street time.

■ Petitioner argues that while his misdemeanor convictions may be valid under the rule announced in *Scott v. Illinois* to the extent that neither conviction resulted in incarceration, the conviction cannot be collaterally used to revoke his parole and forfeit his street time, and thus enhance his time spent in confinement. In support of this contention, petitioner relies on *Baldasar v. Illinois,* 446 U.S. 222, 100 S.Ct. 1585, 64 L.Ed.2d 169 (1980) and *Santillanes v. United States Parole Commission,* 754 F.2d 887 (10th Cir.1985).

In *Baldasar,* the Supreme Court, in a *per curiam* opinion, supported by a plurality of five justices speaking through three separate concurring opinions,[5] held that an uncounseled misdemeanor conviction may not be used under an enhanced penalty statute to convert a subsequent misdemeanor into a felony with a prison term. 446 U.S. at 224, 100 S.Ct. at 1586. Two of the concurring opinions in *Baldasar* extended the rationale set forth in *Scott v. Illinois,* to find a constitutional violation where a prior uncounseled, but valid, conviction is used subsequently to enhance a defendant's term of imprisonment. Justice Stewart in his concurrence, found that Baldasar's felony sentence infringed the constitutional rule of *Scott v. Illinois, supra,* for as an indigent defendant Baldasar was sentenced to an increased term of imprisonment *"only* because he had been convicted in a previous prosecution in which he had *not* the assistance of appointed counsel in his defense." *Baldasar,* 446 U.S. at 224, 100 S.Ct. at 1586 (emphasis in original). Similarly, in his concurring opinion, Justice Marshall states that a defendant's prior

---

5. There was no opinion for the Court. The separate concurring opinions of Justice Stewart and Justice Marshall were each joined by Justices Brennen and Stevens. Justice Blackmun concurred separately. Justices Powell, White, Rehnquist, and the Chief Justice dissented.

uncounseled misdemeanor conviction, while valid in itself, "was not valid for all purposes," and "could not be used collaterally to impose an increased term of imprisonment upon a subsequent conviction." *Id.* at 226, 100 S.Ct. at 1587.

Justice Blackmun premised his separate concurrence (in which he provided the crucial fifth vote) on his dissent in *Scott v. Illinois.* And so this Court looks to Justice Blackmun's views in *Scott* where he concluded that:

> an indigent defendant in a state criminal case must be afforded appointed counsel whenever the defendant is prosecuted for a nonpetty criminal offense, that is, one punishable by more than six months' imprisonment or whenever the defendant is convicted of an offense and is actually subjected to a term of imprisonment.

*Scott v. Illinois,* 440 U.S. at 389, 99 S.Ct. at 1170, *quoted in Baldasar,* 446 U.S. at 229, 100 S.Ct. at 1589. Applying this "bright line" test Justice Blackmun concluded that Baldasar's first conviction was invalid and could not be used to support an enhanced sentence. 446 U.S. at 230, 100 S.Ct. at 1589.[6]

This Court finds the reasoning set forth in the concurring opinions of Justices Marshall and Stewart in *Baldasar* to be controlling in the present case: an uncounseled conviction, valid under *Scott* because no imprisonment was imposed, may not be used to support a parole violation and, hence, enhance a criminal penalty.

Here, the Parole Commission used petitioner's purportedly uncounseled misdemeanor convictions to subsequently enhance petitioner's term of incarceration in two ways. First, the Parole Commission considered and relied upon the convictions to find petitioner violated a condition of his parole. Consequently his parole was revoked and he was incarcerated. Secondly, the Parole Board, under 28 C.F.R. Section 2.52(c) considered and relied upon the convictions to find petitioner had been convicted of a "new offense", requiring forfeiture of his street time. At that point, petitioner had accumulated over two years of street time. Because forfeiture was ordered, petitioner will not be allowed to credit those two years towards the service of his sentence.

The Court holds the Parole Commission abused its discretion when it based its revocation and forfeiture determinations on allegedly uncounseled misdemeanor convictions.

The Parole Commission is instructed to hold a new parole hearing to determine whether petitioner violated his parole and whether he committed a "new offense" such that forfeiture of his street time is required. In making these determinations the Commission may not rely in any regard on a conviction in which the defendant was without counsel, absent a knowing waiver of such counsel by the defendant.

The question of whether the guilty pleas in this case were actually obtained without counsel or without a knowing and voluntary waiver of any right to counsel remains at issue. The record before the Court is silent. At the new parole hearing the Parole Commission shall determine whether the misdemeanor convictions were uncounseled. If either conviction was uncounseled and no waiver was given, such conviction may not be considered by the Parole Commission in its deliberations or determinations.

---

**6.** In *Santillanes v. United States Parole Commission,* the Tenth Circuit Court of Appeals adopted the rationale set out in Justice Blackmun's concurring opinion in *Baldasar.* 754 F.2d at 889. The Tenth Circuit considered the question of whether an uncounseled misdemeanor conviction could be used collaterally to forfeit appellant's street time. The Court found that appellant raised a constitutional issue and remanded the matter to the trial court to determine whether appellant had waived his right to assistance of counsel. The Court, in dicta, stated that if appellant was denied assistance of counsel, the prior conviction was invalid, and could not be used to forfeit street time. But, if the prior conviction was valid (i.e. defendant had waived his right to assistance of counsel), the conviction could be used to forfeit appellant's street time, even though it was uncounseled. *Id.* at 890. The opinion of the Tenth Circuit is illuminating on the issue presently before this Court. Nevertheless, this Court declines to adopt the reasoning set forth in *Santillanes* and bases this opinion on the *Baldasar* holding.

The Parole Commission contends it is petitioner's burden to show he was uncounseled at his prior convictions. The court disagrees. The State bears the burden of establishing a clear and complete record of criminal proceedings. *Golden v. Newsome*, 755 F.2d 1478, 1479 (11th Cir. 1985). Therefore, the Parole Commission bears the burden at the parole hearing of proving the convictions were counseled or that defendant knowingly and voluntarily waived his right to assistance of counsel.

Finally, the Court will retain jurisdiction in this matter. Petitioner shall be permitted to apply directly to this Court for relief, from the result of the new hearing, without further exhaustion of administrative remedies.

Accordingly, IT IS ORDERED that:

1. The Parole Commission shall conduct a parole hearing within 21 days of the date of this order to determine 1) whether petitioner violated his parole; and 2) whether he committed a "new offense" such that forfeiture of his street time is required.

2. At said parole hearing, the Parole Commission shall determine whether petitioner's guilty pleas for simple assault and fifth degree theft were uncounseled and, if so, whether petitioner knowingly and voluntarily waived his right to assistance of counsel. If either conviction was uncounseled without a knowing and voluntary waiver of assistance of counsel, the Parole Commission may not consider the fact of that conviction in its determinations for revocation of parole or forfeiture of street time.

3. The Court retains jurisdiction to hear petitioner's appeals, if necessary, from the outcome of the new hearing, without further exhaustion of administrative remedies.