829 F.2d 1121
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Joseph Thomas SWEAT, Petitioner-Appellant,
v.
O. I. WHITE, Respondent-Appellee.
 No. 87-6080
 United States Court of Appeals, Fourth Circuit.
 Submitted July 30, 1987.
Decided September 23, 1987.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. Claude M. Hilton, District Judge. (C/A No. 86-374-AM)
 Joseph Thomas Sweat, pro se.
 Before MURNAGHAN, WILKINSON and WILKINS, Circuit Judges.
 PER CURIAM:
 
 
 1
 Joseph T. Sweat appeals from the district court's order dismissing, without prejudice, his 28 U.S.C. Sec. 2241 petition. At the time that the petition was filed, Sweat was confined at the Federal Correctional Institution in Petersburg, Virginia located within the Eastern District of Virginia. He was subsequently transferred to the Federal Correctional Institution in Ashland, Kentucky. The court concluded that it lacked jurisdiction over the petition, because neither Sweat nor his custodian was located within the Eastern District of Virginia. It further concluded that, even assuming jurisdiction existed, Sweat was not entitled to relief.
 
 
 2
 We find that the district court had jurisdiction to consider Sweat's petition. 'It is well-established that jurisdiction attaches on the initial filing for habeas corpus relief, and it is not destroyed by a transfer of the petitioner and the accompanying custodial change.' Santillanes v. U.S. Parole Commission, 754 F.2d 887, 888 (10th Cir. 1985). Because the Eastern District of Virginia had jurisdiction over the petition when Seat filed it, that jurisdiction was not defeated by Sweat's subsequent transfer to the Federal Correctional Institution in Ashland, Kentucky.
 
 
 3
 We agree with the district court that Sweat's claims that his transfer into federal custody was illegal, and that his parole eligibility should not be reviewed by the U.S. Parole Commission lack merit. While the district court did not address Sweat's due process claims regarding this transfer from Lorton Reformatory to the District of Columbia Detention Center, and his assignment to maximum security while at the District of Columbia Detention Center, these claims should be brought in the courts of the District of Columbia. See Wright v. Jackson, 505 F.2d 1229 (4th Cir. 1979). Therefore we remand for the entry of an order dismissing, with prejudice, the claims challenging his federal custody and parole eligibility; dismissing, without prejudice, the due process claims arising at Lorton Reformatory and the District of Columbia Detention Center, and affirm the order as modified. We dispense with oral argument because the dispositive issues recently have been decided authoritatively.
 
 
 4
 REMANDED AND AFFIRMED AS MODIFIED.