21 F.3d 1122
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Richard R. GAINER, Defendant-Appellant.
 No. 93-3344.
 United States Court of Appeals, Tenth Circuit.
 April 18, 1994.
 
 Before SEYMOUR, Chief Judge, McKAY and BALDOCK, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 The parties have agreed that this case may be submitted for decision on the briefs. See Fed. R.App. P. 34(f); 10th Cir. R. 34.1.2. The case is therefore ordered submitted without oral argument.[2]
 
 
 2
 Richard R. Gainer pled guilty to a charge of Conspiracy to Possess with Intent to Distribute Marijuana, in violation of 21 U.S.C. 846, 841(a)(1), and 812, as a result of a government reverse-sting operation. He was sentenced to a term of sixty months imprisonment and five years of supervised release, based on an offense level of 23 and a criminal history level of III.[3] On appeal he raises four instances of alleged error.
 
 
 3
 Mr. Gainer first argues that the district court improperly used a prior uncounseled conviction in calculating Mr. Gainer's criminal history, resulting in a history level of III rather than II. Mr. Gainer argues that at the time of his plea in that earlier conviction, he had been denied his right to counsel and that his written waivers of the right to counsel were obtained involuntarily and without any advice as to the hazards of representing himself. Accordingly, Mr. Gainer argues that that prior conviction was constitutionally invalid and cannot be used to enhance his sentence under the Sentencing Guidelines. See Santillanes v. United States Parole Comm'n, 754 F.2d 887, 889 (10th Cir.1985). The district court found that the defendant had not met his burden of proving by a preponderance of the evidence that he was not informed of his right to counsel, and that there was ample documentation to the contrary. (R. Vol. III at 19, 1/2101 (Pre-sentence Report)). After reviewing the briefs of the parties and the record on appeal, we find no error on this issue.
 
 
 4
 Mr. Gainer next argues that his base offense level was improperly calculated. The presentence report calculated the offense level based on the conclusion that the conspiracy was to purchase 87 kilograms (approximately 200 pounds) of marijuana, yielding an offense level of 24. Mr. Gainer argues that the actual quantity of marijuana involved was approximately 130 pounds, for an offense level of 20. Mr. Gainer argues that he had only enough money to buy 130 pounds of marijuana, and that he should not see his sentence increased merely because the government agents involved in the sting brought 200 pounds of marijuana with them to the transaction. The district court found that comment 12 to U.S.S.G. 2D1.1 should apply. That comment provides that
 
 
 5
 [i]n an offense involving negotiation to traffic in a controlled substance, the weight under negotiation in an uncompleted distribution shall be used to calculate the applicable amount. However, where the court finds that the defendant did not intend to produce and was not reasonably capable of producing the negotiated amount, the court shall exclude from the guideline calculation the amount that it finds the defendant did not intend to produce and was not reasonably capable of producing.
 
 
 6
 U.S.S.G. 2D1.1, comment. (n.12). The district court found that Mr. Gainer intended to purchase 200 pounds of marijuana, and that he was reasonably capable of producing the necessary money to purchase 200 pounds of marijuana. These are factual findings subject to review under the clearly erroneous standard. We hold that these findings are not clearly erroneous. The district court therefore did not err in calculating Mr. Gainer's base offense level.
 
 
 7
 Mr. Gainer next argues that the district court erred in enhancing his base offense level by two points for his role in the offense under U.S.S.G. 3B1.1(c). He argues that his codefendant, Mr. Provence, was the middleman in the transaction and conducted all of the negotiations. Therefore, he concludes, Mr. Provence was the leader. The district court found that Mr. Gainer was the manager of the transaction. (R. Vol. III at 28, 1/2142.) This factual finding was not clearly erroneous. Accordingly, we hold that the district court did not err in applying a two-point enhancement for Mr. Gainer's role in the offense.
 
 
 8
 Mr. Gainer's final claim is that he should have been granted a downward departure under U.S.S.G. 5K2.0 for mitigating circumstances "not adequately taken into consideration by the Sentencing Commission in formulating the guidelines." The first proposed mitigating circumstance is that he lacked the mens rea to buy 200 pounds of marijuana, since he only had enough money to buy 130 pounds. As noted above, the district court found that Mr. Gainer intended to buy 200 pounds of marijuana. Accordingly, we see no grounds for a downward departure on this basis. The second proposed mitigating circumstance is that, as a result of his original sentencing to 168 months imprisonment, Mr. Gainer has been imprisoned in a high security prison as opposed to the minimum security camp facility he would have been sent to had he originally been sentenced to the current term of 60 months imprisonment. The district court found that neither of these grounds constituted such unusual or unconsidered factors as to justify a downward departure under U.S.S.G. 5K2.0. (R. Vol. III at 30, 1/2 151.) We find no error.
 
 
 9
 AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 Thirty days before his counsel filed his brief on appeal, Mr. Gainer moved to file a supplemental brief to raise issues he thought his counsel would not raise. That motion was referred to the panel. We deny Mr. Gainer's motion to file a supplemental brief
 
 
 [3]
 Mr. Gainer was originally sentenced to 168 months in prison, based on an erroneous determination that Mr. Gainer was a career offender. The second addendum to the presentence report corrected this error, and Mr. Gainer was resentenced to a term of 60 months imprisonment