**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**June 7, 2012**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

JOSEPH WILLIAM JEAN-LOUIS,

Petitioner-Appellant,

v.

WARDEN DANIELS, UNITED
STATES PENITENTIARY,
FLORENCE, COLORADO,

Respondent-Appellee.

No. 10-1496

(D. of Colo.)

(D.C. No. 1:10-CV-01624-LTB)

---

**ORDER AND JUDGMENT**[*]

---

Before **KELLY**, **TYMKOVICH**, and **GORSUCH**, Circuit Judges.[**]

---

Joseph William Jean-Louis is a federal prisoner who appeals the district court's denial of his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Because Jean-Louis is proceeding pro se, we construe his pleadings liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972).

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.[1]

## I. Background

Jean-Louis was convicted of bank robbery in the Western District of Missouri. After being sentenced, he sought post-conviction relief by filing a motion pursuant to 28 U.S.C § 2255 in that court. *See Jean-Louis v. United States*, No. 09-3066-CV-S-RED, 2009 WL 1912523 (W.D. Mo. July 1, 2009). His motion was denied. *Id.*

Jean-Louis then filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 in the District of Colorado, the jurisdiction where he was serving his sentence, challenging the validity of his conviction. The magistrate judge ordered him to show cause why his petition should not be dismissed because of the availability of an adequate and effective remedy under § 2255 in the sentencing court. After Jean-Louis failed to demonstrate why a § 2255 motion was not the proper remedy, the district court denied his § 2241 application and dismissed the action. Jean-Louis now appeals here.

---

[1] While this appeal was pending, Jean-Louis was transferred from the United States Penitentiary in Florence, Colorado to the Terre Haute Federal Correction Institution in Terre Haute, Indiana. Jean-Louis's transfer does not divest us of jurisdiction to hear this appeal. "It is well established that jurisdiction attaches on the initial filing for habeas corpus relief, and it is not destroyed by a transfer of the petitioner and the accompanying custodial change." *Santillanes v. United States Parole Comm'n*, 754 F.2d 887, 888 (10th Cir. 1985) (citations omitted).

## II. Discussion

We review the district court's denial of Jean-Louis's habeas petition de novo. *See Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996).

"The purposes of an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 and a motion pursuant to 28 U.S.C. § 2255 are distinct and well established." *Caravalho v. Pugh*, 177 F.3d 1177, 1178 (10th Cir. 1999). A petition filed under § 2241 attacks the execution of a sentence and "is not an additional, alternative, or supplemental remedy to" § 2255. *Bradshaw*, 86 F.3d at 166 (citations omitted). Jean-Louis's § 2241 application does not challenge the execution of his sentence, but instead attacks the legality of his conviction and sentence. Where a federal prisoner seeks to attack the validity of a judgment and sentence, the prisoner must resort to the remedy provided for in § 2255. *See Johnson v. Taylor*, 347 F.2d 365, 366 (10th Cir. 1965). There is a narrow exception to this rule that permits a federal prisoner to bring a petition pursuant to § 2241 if the remedy under § 2255 is inadequate or ineffective to test the legality of the conviction or sentence. *See e.g.*, *Sines v. Wilner*, 609 F.3d 1070, 1073 (10th Cir. 2010), *cert. denied*, 131 S. Ct. 997 (2011); *see also* 28 U.S.C. § 2255(e).

Jean-Louis argues the remedy under § 2255 is inadequate and ineffective because his § 2255 motion was denied by the same judge who presided over his criminal case, who could not have been impartial in considering his motion for

post-conviction relief.  But as the district court correctly noted, this reason alone fails to demonstrate Jean-Louis's remedy under § 2255 is inadequate or ineffective.

"Failure to obtain relief under [§] 2255 does not establish that the remedy so provided is either inadequate or ineffective."  *See Bradshaw*, 86 F.3d at 166 (citations and internal quotation marks omitted).  Even if the trial judge erroneously denied his § 2255 motion, that outcome does not render § 2255 inadequate or ineffective because Jean-Louis could have appealed the unfavorable decision.  *See Sines*, 609 F.3d at 1073.  Furthermore, the sentencing judge's alleged bias does not make § 2255 inadequate or ineffective because Jean-Louis could have moved to recuse the judge.  *See id.* (citing *Bradshaw*, 86 F.3d at 164).

In sum, having failed to demonstrate the remedy available to him under § 2255 is inadequate or ineffective to challenge his conviction or sentence, Jean-Louis cannot proceed under § 2241.

## III.  Conclusion

For the reasons stated above, we AFFIRM the order of the district court.

Entered for the Court,

Timothy M. Tymkovich
Circuit Judge