FILED
United States Court of Appeals
Tenth Circuit

October 23, 2014

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

MICHAEL S. GORBEY,

          Petitioner - Appellant,

v.

WARDEN OF THE FEDERAL
TRANSFER CENTER, Oklahoma,

          Respondent - Appellee.

No. 14-6151
W.D. Oklahoma
(D.C. No. 5:14-CV-00163-HE)

---

**ORDER AND JUDGMENT**[*]

---

Before **KELLY**, **ANDERSON**, and **BACHARACH**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist in the determination

of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

---

[*]This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 32.1.

Petitioner and Appellant, Michael S. Gorbey, proceeding *pro se*, appeals the district court's dismissal of his petition for habeas relief under 28 U.S.C. § 2241. He is serving a 254-month sentence for convictions of multiple firearms and weapons-related offenses. Gorbey v. United States, 54 A.3d 668 (D.C. 2012). He appealed his convictions and sentence to the District of Columbia Court of Appeals, which affirmed his convictions in part, and remanded the case back to the trial court for further proceedings, which resulted in the current sentence.

Among multiple other filings and proceedings, Mr. Gorbey filed the instant petition, subsequently amended. At the time he filed the petition, Mr. Gorbey was in the custody of the United States Bureau of Prisons ("BOP") and temporarily confined at the Federal Transfer Center in Oklahoma City Oklahoma. He was transferred in March 2013 to the District of Columbia jail. Mr. Gorbey avers that he has been assigned by BOP to the United States Penitentiary in McCreary, Kentucky, and the district court stated that his latest filings, as well as the BOP inmate locator confirm that fact.

The magistrate judge to whom this matter was referred explained why Mr. Gorbey's petition must be dismissed:

> "It is well established that jurisdiction attaches on the initial filing for habeas corpus relief, and it is not destroyed by a transfer of the petitioner and the accompanying custodial change." Santillanes v. U.S. Parole Comm'n, 754 F.2d 887, 888 (10th Cir. 1985). So, Petitioner's transfer to USP McCreary did not divest this Court of jurisdiction over the petition, nor did it destroy the Court's jurisdiction over the FTC Warden. But, once Petitioner was

transferred, the FTC Warden became powerless to effect any relief this Court might order. . . . And because this Court lacks jurisdiction over Petitioner's Kentucky custodian, and thus has no way to enforce any "effectual relief," Petitioner's habeas petition is moot.

Report & Recommendation at 2; R. Vol. 1 at 89 (further citations omitted).

Mr. Gorbey filed objections, which the district court reviewed. The court adopted the Report & Recommendation, and dismissed the petition. The district court then denied Mr. Gorbey's motion to reconsider. This appeal followed.

For substantially the reasons stated by the district court, we AFFIRM the district court's dismissal of Mr. Gorbey's petition and the motion to reconsider. AFFIRMED.

ENTERED FOR THE COURT


Stephen H. Anderson
Circuit Judge