FILED
United States Court of Appeals
Tenth Circuit

July 24, 2015

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

MARIO SERNA,

Petitioner - Appellant,

v.

COMMANDANT, USDB-
LEAVENWORTH,

Respondent - Appellee.

No. 15-3055
(D.C. No. 5:13-CV-03106-RDR)
(D. Kan.)

---

ORDER AND JUDGMENT[*]

---

Before **GORSUCH**, **O'BRIEN**, and **BACHARACH**, Circuit Judges.

---

When Mario Serna, a former aviation machinist's mate in the U.S. Navy, pleaded guilty to sexual assault charges in violation of the Uniform Code of Miliary Justice, a court-martial sentenced him to dishonorable discharge and fourteen years in prison. Mr. Serna now seeks habeas relief, alleging deficiencies in his conviction. But because he did not raise any of these asserted deficiencies

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

in his appeal to the Navy–Marine Corps Court of Criminal Appeals, a procedural prerequisite to seeking habeas relief in federal court, the district court noted that it had to deny his petition unless he could demonstrate "cause excusing the procedural default and actual prejudice resulting from the error." *Lips v. Commandant*, 997 F.2d 808, 812 (10th Cir. 1993). Mr. Serna now asks us to reverse the district court's judgment that he failed to make this necessary showing.

Before reaching that question we pause to consider our power to do so. Normally a federal prisoner seeking collateral relief must proceed under 28 U.S.C. § 2255 and obtain a certificate of appealability before we may review an adverse district court judgment. *See* 28 U.S.C. § 2253(c). But Mr. Serna is a military prisoner entitled to pursue habeas relief from his conviction under 28 U.S.C. § 2241, and the COA requirement does not apply in § 2241 proceedings. *See Prost v. Anderson*, 636 F.3d 578, 588 (10th Cir. 2011); *McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 810 n.1 (10th Cir. 1997). Neither does the fact that Mr. Serna is currently incarcerated in Florida present an impediment to our review. True, jurisdiction for § 2241 proceedings normally lies only in the petitioner's "district of confinement." *Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004). But Mr. Serna *was* confined in the district where he filed his petition at the time of filing (Kansas), and "[i]t is well established that jurisdiction attaches on the initial filing for habeas corpus relief" and "is not destroyed by a transfer of the petitioner." *Santillanes v. U.S. Parole Comm'n*, 754 F.2d 887, 888 (10th Cir. 1985).

2

Satisfied that we may hear Mr. Serna's appeal from a ruling properly issued in federal court in our circuit, we turn to its merits — or, at least, to the merits of his argument that he did not procedurally default his underlying claims. Mr. Serna argues that he suffered mental health issues that should excuse his failure to pursue his claims before the military's appellate courts. In this vein, he provides evidence that he was hospitalized for twelve days in January 2009 for mental health problems. But Mr. Serna's conviction — and the time for pursuing his appeal — came almost a year *after* he was discharged from the hospital. In the intervening time, military psychiatrists twice evaluated him and twice deemed him fit to stand trial and participate in his defense. Although Mr. Serna now alleges that the military never refilled his prescriptions following his release, he has not demonstrated that any mental health issues were sufficiently debilitating *at the time of his appeal* to excuse his failure to pursue all his claims before the NMCCA. Neither has he explained *how* those issues prevented him from assisting his counsel in raising any and all viable claims in the appeal. We therefore agree with the district court that Mr. Serna has not demonstrated a lawful cause excusing his failure to pursue his present claims before the military's appellate courts. To the extent we can discern in Mr. Serna's appeal a request that we reverse the district court's denial of discovery, we agree that no discovery was warranted for the reasons given by the district court.

3

Affirmed.

ENTERED FOR THE COURT


Neil M. Gorsuch
Circuit Judge