FILED
United States Court of Appeals
Tenth Circuit

November 15, 2018

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

STEVEN M. HUNTER,

    Petitioner - Appellant,

v.

MOORHEAD, Warden,

    Respondent - Appellee.

No. 18-1077
(D.C. No. 1:16-CV-02680-MJW)
(D. Colo.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **HOLMES**, **O'BRIEN**, and **CARSON**, Circuit Judges.
_____

*Pro se* petitioner Steven Hunter, a prisoner in the custody of the Federal Bureau of

Prisons, seeks a certificate of appealability (COA) to appeal the dismissal of his

28 U.S.C. § 2241 habeas petition. Hunter's confinement arises from a conviction entered

by the District of Columbia Superior Court; therefore, he is considered a state prisoner

and must be granted a COA before he can appeal the denial of his § 2241 petition. *See*

*Eldridge v. Berkebile*, 791 F.3d 1239, 1243 (10th Cir. 2015) (stating a state prisoner must

obtain a COA to appeal the denial of a § 2241 petition, while a federal prisoner does

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

not).[1]  We deny Hunter's request for a COA, deny his request to proceed in forma pauperis (IFP) on appeal, and dismiss this matter.

I.    BACKGROUND

In 1996 the District of Columbia Superior Court convicted Hunter of assault, first degree burglary, assault with a dangerous weapon, aggravated assault while armed, and possession of a firearm during a crime of violence, and sentenced him to 31 years in prison.  On February 3, 2014, the United States Parole Commission (Commission) released Hunter on parole.  Seven months later, he was charged with stalking, cyber stalking, and making a harassing phone call while he was on parole.  At his parole revocation hearing, Hunter, represented by counsel, admitted to violating the conditions of his parole.  The Commission initially determined the offense category to be four, with an incarceration guideline range of 20 to 26 months, but on remand from the National Appeals Board, the Commission lowered the offense category to one, with an incarceration guideline range of 0 to 8 months.  Nevertheless, on remand the Commission again imposed a sentence of 60 months because Hunter presented a more serious risk than indicated by the guidelines, there was a reasonable likelihood he would violate the law if released, and his incarceration was necessary to protect the public.

---

[1] At the time he filed his § 2241 petition, Hunter was housed at the United States Penitentiary in Florence, Colorado.  He was subsequently transferred to the Federal Correctional Institution in Memphis, Tennessee.  This circuit has jurisdiction based on his placement at the time he filed is petition. *Santillanes v. U.S. Parole Comm'n*, 754 F.2d 887, 888 (10th Cir. 1985).

In his habeas petition, Hunter asserted twelve claims for relief. The parties consented to proceed before a magistrate judge. *See* 28 U.S.C. § 636(c). The magistrate judge denied habeas relief, denied a COA, denied leave to proceed IFP on appeal, and dismissed the case. Hunter now seeks a COA on two claims: (1) the Commission erroneously applied the 2000 version of the re-parole guidelines instead of the 1987 version, which resulted in a longer re-parole sentence in violation of the Ex Post Facto Clause; and (2) the Commission's imposition of the same sentence after remand demonstrated vindictiveness in violation of his due process rights. He further asserts the magistrate judge was biased against him. He has abandoned all other claims.

## II.    DISCUSSION

A COA is a jurisdictional prerequisite to our review of a petition for a writ of habeas corpus. *Miller–El v. Cockrell*, 537 U.S. 322, 336 (2003). We will issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where, as here, "a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

We have thoroughly reviewed the record, Hunter's *pro se* appellate briefs, and the magistrate judge's thorough and cogent order; he has failed to make the applicable showing. In particular, he has not demonstrated how or why the magistrate judge erred; he merely speculates, saying if the Commission had applied the 1987 version of the

3

re-parole guidelines, the result of his re-parole proceedings would have been more favorable. Making a case for a COA is difficult. It requires specific reasons, supported by specific authority, detailing how the judge erred. Simply restating the arguments raised in the district court and spouting platitudes and generalities falls far short. Because no jurist of reason could reasonably debate the correctness of the result reached by the magistrate judge, we deny a COA and dismiss this matter.

Hunter asserts the magistrate judge was prejudiced against him because he issued rulings adverse to him. "Adverse rulings alone do not demonstrate judicial bias." *Bixler v. Foster*, 596 F.3d 751, 762 (10th Cir. 2010). His argument is not even debatably correct.

## III.    CONCLUSION

We DENY the request for a COA and DISMISS this matter.

The magistrate judge denied Hunter's request to proceed on appeal without prepayment of fees, a privilege extended only to those who qualify for in forma pauperis (IFP) status, *to wit*, impecunious circumstances and the presentation of non-frivolous issues. Hunter has here renewed his desire to proceed without prepayment of fees, again claiming IFP status, but he fails to qualify. We deny his IFP request. The case is closed and the relevant statute, 28 U.S.C. § 1915(a), does not waive payment of fees, only

prepayment of fees. All filing and docketing fees ($505.00) are due and payable to the Clerk of the District Court.

Entered for the Court

Terrence L. O'Brien
Circuit Judge