**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**SEP 3 1997**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

USMAN SHEHU SULE,

      Petitioner-Appellant,

v.

B.R. STORY,

      Respondent-Appellee.

No. 96-1340
(D.C. No. 95-D-262)
(D. Colo.)

USMAN SHEHU SULE,

      Plaintiff-Appellant,

v.

UNITED STATES OF AMERICA,

      Defendant-Appellee.

No. 96-1417
(D.C. No. 95-S-1601)
(D. Colo.)

USMAN SHEHU SULE,

      Plaintiff-Appellant,

v.

WARDEN, ADX FLORENCE,
COLORADO; LEE GREEN, DHO,

      Defendants-Appellees.

No. 96-1441
(D.C. No. 96-S-1473)
(D. Colo.)

USMAN SHEHU SULE,

     Plaintiff-Appellant,

v.

WARDEN, ADX FLORENCE,
COLORADO,

     Defendant-Appellee.

No. 97-1049
(D.C. No. 96-S-621)
(D. Colo.)


USMAN SHEHU SULE,

     Plaintiff-Appellant,

v.

UNITED STATES OF AMERICA,

     Defendant-Appellee.

No. 97-1050
(D.C. No. 96-S-927)
(D. Colo.)


USMAN SHEHU SULE,

     Plaintiff-Appellant,

v.

PATRICK R. KANE,

     Defendant-Appellee.

No. 97-1051
(D.C. No. 96-S-2102)
(D. Colo.)

USMAN SHEHU SULE,

     Plaintiff-Appellant,

v.

MARTHA ANN PALUCH, U.S.
Attorney; JENNIFER GRUNDY, Staff
Attorney ADX; and G.L.
HERSHBERGER, Warden, ADX,

     Defendants-Appellees.

No. 97-1052
(D.C. No. 96-S-2014)
(D. Colo.)

---

**ORDER AND JUDGMENT**[*]

---

Before **BRORBY, EBEL** and **KELLY**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal.  *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9.  The case is therefore ordered submitted without oral argument.

---

[*]  This order and judgment is not binding precedent except under the doctrines of law of the case, *res judicata* and collateral estoppel.  The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

-3-

Mr. Usman Shehu Sule, appearing *pro se*, appeals from the district court's entry of dispositive orders in seven cases. We exercise jurisdiction under 28 U.S.C. § 1291 and consolidate these appeals under Fed. R. App. P. 3(b).

In No. 96-1340, Mr. Sule appeals the district court's dismissal of his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 for failure to exhaust administrative remedies and failure to present an independent factual basis for his remaining claims.[1] *See* attached Exhibit A ¶5. In No. 96-1417, Mr. Sule appeals the district court's dismissal of his complaint, filed pursuant to the Federal Tort Claims Act, as barred by the statute of limitations. *See id*. at ¶8. In No. 96-1441, Mr. Sule appeals the district court's dismissal of his civil rights complaint, filed pursuant to 42 U.S.C. § 1983 (1994), for failure to cure the deficiencies in his complaint within thirty days, as ordered by the district court,

---

[1] In No. 96-1340, the district court dismissed Mr. Sule's claims in two parts: on January 10, 1996, for failure to exhaust administrative remedies, and on August 7, 1996, for failure to present an independent factual basis. Mr. Sule filed his notice of appeal on July 17, 1996. Under *Lewis v. B.F. Goodrich Co.*, 850 F.2d 641, 645 (10th Cir. 1988), Mr. Sule's premature notice of appeal ripened into an effective notice of appeal of the district court's January 10, 1996, order. *See* Fed. R. App. P. 4(c). Although Mr. Sule failed to file a subsequent notice of appeal within thirty days of the district court's August 7, 1996 order, he filed a motion and affidavit for leave to proceed on appeal on August 21, 1996, which we construe as the functional equivalent of a notice of appeal enabling this court to review the district court's final order. *See Smith v. Barry*, 502 U.S. 244, 248-49 (1992) ("If a document filed within the time specified by Rule 4 gives the notice required by Rule 3, it is effective as a notice of appeal.").

-4-

and for failure to exhaust state remedies. *See id*. at ¶15. In No. 97-1049, Mr. Sule appeals the district court's grant of summary judgment in favor of the defendants in his civil rights complaint. *See id*. at ¶12. In No. 97-1050, Mr. Sule appeals the district court's dismissal of his Federal Tort Claims Act complaint as barred by the statute of limitations. *See id*. at ¶14.

After a review of the record, it is clear appeals Nos. 96-1340, 96-1417, 96-1441, 97-1049 and 97-1050 do not present any issues containing an arguable basis in either law or fact. In these appeals, Mr. Sule's claims are based on indisputably meritless legal theories and founded on clearly baseless facts. *See Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989). Therefore, each of these appeals is dismissed as frivolous, or as failing to state a claim upon which relief can be granted, within the meaning of 28 U.S.C. § 1915(e)(2)(B) (1994). As such, appeals Nos. 96-1417, 96-1441, 97-1049, and 97-1050 count as "prior occasions" against Mr. Sule for the purposes of 28 U.S.C. § 1915(g).

In Nos. 97-1051 and 97-1052, Mr. Sule appeals the district court's dismissals of his two civil rights complaints pursuant to 28 U.S.C. § 1915(g). *See* Exhibit A ¶¶16, 17. Section 1915(g) prohibits a prisoner from bringing a civil action or proceeding in forma pauperis

> if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal ... that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). The district court relied on Mr. Sule's lengthy history of filing frivolous complaints to deny Mr. Sule leave to proceed in forma pauperis and to dismiss these two civil rights complaints pursuant to § 1915(g).

On appeal, Mr. Sule contends: (1) the district court abused its discretion in denying him leave to proceed in forma pauperis; (2) the Prison Litigation Reform Act of 1995, Pub. L. No. 104-134, Title VIII, §§ 801-10, 110 Stat. 1321, violates his rights of access to the courts, due process and equal protection, and is therefore unconstitutional; and (3) the district court erroneously relied on actions disposed of on procedural grounds as "prior occasions" under § 1915(g). After a thorough review of the record, we conclude these claims are without merit.

First, once the district court determines § 1915(g) applies to a prisoner's civil complaint, the court must deny the prisoner leave to proceed in forma pauperis. *See* 28 U.S.C. § 1915(g). Section § 1915(g) mandates:

> In no event shall a prisoner bring a civil action ... [in forma pauperis] if the prisoner has, on 3 or more prior occasions ... brought an action or appeal ... that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted ....

The district court cannot abuse its discretion in doing what the statute mandates.

Second, Mr. Sule's challenges to the constitutionality of the Prison Litigation Reform Act fail. Even if we assume Mr. Sule is correct that the Prison Litigation Reform Act (and thus § 1915(g)) is unconstitutional, Mr. Sule cannot prevail on appeal because his underlying complaints fail to state a claim upon which relief may be granted. In the underlying civil actions, Mr. Sule alleges deprivations of his constitutional rights stemming from events surrounding two separate disciplinary hearings. In No. 97-1051, Mr. Sule challenges the proceeding and findings of the disciplinary hearing for his alleged participation in a prison riot in Oregon, which allegedly resulted in his transfer to the maximum security facility in Florence, Colorado. In No. 97-1052, Mr. Sule challenges the events surrounding the disciplinary hearing initiated upon his failure to provide a urine sample.

To the extent Mr. Sule challenges the disciplinary measures taken, his claims fail. Under *Sandin v. Conner*, 515 U.S. 472, ___, 115 S.Ct. 2293, 2300

(1995), inmates have no liberty interest based on regulations regarding disciplinary measures unless those measures "impose[] atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." We have reviewed the entire record before us on appeal and conclude Mr. Sule presented nothing to the district court that would indicate his disciplinary proceedings imposed atypical or significant hardship on him. To the extent Mr. Sule challenges the disciplinary hearings themselves, Mr. Sule's claims also fail. To meet the standards of due process in a disciplinary proceeding, the inmate must receive (1) advance written notice of the charges; (2) an opportunity, consistent with safety and correctional goals, to present witnesses and documentary evidence; and (3) a written statement of the evidence relied upon by the factfinder and the reasons for disciplinary action. *Mitchell v. Maynard*, 80 F.3d 1433, 1445 (10th Cir. 1996) (citing *Superintendent, Mass. Correctional Inst. v. Hill*, 472 U.S. 445, 454 (1985)). In these cases, Mr. Sule had adequate notice of the conduct he was accused of committing and evidence supported the disciplinary hearing committee's written findings. It is not our job to address the validity of that evidence. *See Mitchell*, 80 F.3d at 1445. Although Mr. Sule criticizes the disciplinary hearing procedure, he fails to allege he was denied the opportunity to present witnesses or documentary evidence. Accordingly, we conclude Mr. Sule failed to establish he was denied the minimum due process

required at a disciplinary hearing. Thus, Mr. Sule's complaints failed to state a claim upon which relief may be granted and dismissal is the appropriate disposition.

Third, in making its count pursuant to § 1915(g), the district court did not rely on any case where the final disposition was other than dismissal as frivolous within the meaning of § 1915(e)(2)(B)(i). The cases cited by Mr. Sule as showing the district court counted procedurally dismissed cases were not cases relied upon by the district court. Hence, Mr. Sule's assertion misstates the district court's discussion and is without merit.

For the foregoing reasons, we **DISMISS** appeals Nos. 97-1051 and 97-1052 for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).[2]

In a related proceeding, Mr. Sule informed this court that on June 3, 1997, he was transfered from federal prison to the Immigration and Naturalization Services detention facility in Aurora, Colorado. *See Sule v. Janet Reno*, No. 97-

---

[2] In addition, all other outstanding motions in these appeals are denied, including Mr. Sule's motions for leave to proceed in forma pauperis in Nos. 96-1340, 96-1441, 97-1049, 97-1050, 97-1051, and 97-1052.

519 (pending mandamus action).  We will assume, without deciding, that Mr. Sule is no longer a "prisoner" within the meaning of § 1915.  *See* 28 U.S.C. § 1915(h).; *see also Ojo v. INS*, 106 F.3d 680, 682 (5th Cir. 1997) (INS detainee not a "prisoner" within the meaning of § 1915(h) and the Prison Litigation Reform Act).  As such, Mr. Sule's future filings can no longer be restricted pursuant to § 1915(g).  However, because he initiated these appeals while incarcerated in federal prison and because we dismiss Mr. Sule's appeals as frivolous and for failure to state a claim upon which relief may be granted, these appeals are "prior occasions" within the meaning of 28 U.S.C. § 1915(g).  Hence, Mr. Sule will be subject to § 1915(g) filing restrictions, if at sometime in the future Mr. Sule again finds himself a "prisoner" within the meaning of § 1915(h).

**Entered for the Court**

**WADE BRORBY**
United States Circuit Judge