FILED
United States Court of Appeals
Tenth Circuit

June 21, 2010

Elisabeth A. Shumaker
Clerk of Court

PUBLISH

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

BEAUX GORDON SINES,

            Petitioner - Appellant,

   v.

J.M. WILNER, Warden, FCI-Florence,

            Respondent - Appellee.

No. 09-1347

---

**APPEAL FROM THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**(D.C. NO. 1:09-CV-01240-ZLW)**

---

Madeline S. Cohen, Assistant Federal Public Defender, (Raymond P. Moore, Federal Public Defender, with her on the brief), Denver, Colorado, for Petitioner - Appellant.

Paul Farley, Assistant United States Attorney, (David M. Gaouette, United States Attorney, with him on the brief), Denver, Colorado, for Respondent - Appellee.

---

Before **HARTZ**, **GORSUCH**, and **HOLMES**, Circuit Judges.

---

**HARTZ**, Circuit Judge.

---

     Beaux Gordon Sines, a federal prisoner, appeals from the dismissal of his application for a writ of habeas corpus under 28 U.S.C. § 2241. The district court denied relief on the ground that his claim was not one that could be pursued under

§ 2241. On appeal he contends (1) that he could pursue relief under § 2241 because the district court's improper denial of his prior § 2255 motion rendered relief under § 2255 inadequate and ineffective; and alternatively, (2) that his notice of appeal should be treated as appealing the denial of his § 2255 motion. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm the dismissal by the district court. Mr. Sines's remedy under § 2255 was not inadequate or ineffective; he could have appealed the district court's dismissal of his motion. And his notice of appeal cannot be construed as encompassing the denial of his § 2255 motion, because the notice does not evince an intent to appeal that denial.

## I. BACKGROUND

Mr. Sines is incarcerated at the Federal Correctional Institution at Florence, Colorado. In 2006 he was indicted in the United States District Court for the District of Colorado on two counts of being a felon in possession of firearms and ammunition. *See* 18 U.S.C. § 922(g). The case was captioned "*United States of America v. Beaux Sines*," with case number 05-cr-00436-WDM-1. Supp. R., Vol. 1 at 2. He later reached an agreement with the prosecution to plead guilty to a one-count information charging possession of a stolen firearm. *See* 18 U.S.C. § 922(j). Under the agreement he waived his right to an appeal or collateral challenge of his sentence unless it exceeded 120 months. He was sentenced to 84 months' imprisonment on December 14, 2007. In computing Mr. Sines's advisory sentencing range under the United States Sentencing Guidelines, the district court

-2-

adopted the parties' stipulation in the plea agreement that he had been convicted of two or more crimes of violence. *See* USSG § 2K2.1(a)(2).

Mr. Sines did not appeal his conviction or sentence. But on April 28, 2009, he filed a motion under 28 U.S.C. § 2255 in his criminal case (number 05-cr-00436-WDM-1), arguing that his sentence had been improperly enhanced because his two prior escape convictions were not for crimes of violence. The district court denied the motion as untimely on May 12, 2009. It explained that the motion had not been filed within one year of December 31, 2007, when his conviction became final because his time for appeal had expired.

On May 28, 2009, Mr. Sines filed his application under 28 U.S.C. § 2241, raising the same claim that had been rejected in his motion under § 2255. The application was captioned "*Beaux Gordon Sines v. J.M. Wilner - warden, F.C.I. Florence*," and was assigned case number 09-CV-01240. R., Vol. 1 at 3. The magistrate judge ordered him to show cause why the action should not be dismissed on the ground that § 2255 provided an adequate and effective remedy for his challenge to the validity of his sentence. In response, Mr. Sines argued that § 2241 relief should be available because (1) he is "actually innocent" of the sentence enhancement, *id.* at 19; (2) depriving him of collateral review would violate due process; and (3) he could not pursue relief under § 2255 because his § 2255 motion was time-barred. On July 31, 2009, the district court rejected these arguments and dismissed the application. Mr. Sines, acting pro se, filed a

notice of appeal from the "Order of Dismissal of § 2241 July 31, 2009." *Id.* at 29.
The caption of this notice was "*Beaux Gordon Sines v. J.M. Wilner, Warden,
F.C.I. Florence*" and it gave the "Civil Action No." as 09-cv-01240-BNB. *Id.*
After Mr. Sines filed a brief, we appointed counsel, who submitted a
supplemental opening brief and orally argued the appeal.

On appeal Mr. Sines raises one substantive claim: that the Supreme Court
opinion in *Chambers v. United States*, 129 S. Ct. 687, decided on January 13,
2009, establishes that his two prior escape convictions were not crimes of
violence under the sentencing guidelines, so his sentence was improperly
enhanced. To convince us that this issue is properly before us, he makes the
following arguments: (1) that relief under § 2241 is available because the district
court rendered relief under § 2255 inadequate or ineffective by refusing to
consider his timely § 2255 motion; (2) that if he cannot pursue relief through
§ 2241, then his notice of appeal should be construed as a notice of appeal from
the district court's dismissal of his § 2255 motion (and that we should grant a
certificate of appealability to permit him to appeal, *see* 28 U.S.C.
§ 2253(c)(1)(B)); and (3) that his plea-agreement waiver of the right to challenge
his sentence (either on appeal or collateral attack) was not knowing or voluntary
and should not be enforced.

We affirm the district court's ruling that Mr. Sines could not pursue relief
under § 2241. We also refuse to construe his notice of appeal as incorporating a

challenge to the denial of relief under § 2255 in his criminal case. Because of our disposition of those issues, we need not address the validity of his plea-agreement waiver.

## II. DISCUSSION

### A. Denial of Relief Under § 2241

Section 2241 authorizes federal district courts to grant writs of habeas corpus. The preferred method of challenging a federal conviction or sentence, however, is by filing a motion under § 2255 in the district court where sentence was imposed. Indeed, a prisoner is not authorized to apply for a writ of habeas corpus if the sentencing court has denied relief under § 2255 "unless . . . the remedy by motion [under § 2255] is inadequate or ineffective to test the legality of his detention." *Id.* § 2255(e).

The issue on appeal is whether Mr. Sines had an adequate and effective remedy under § 2255. Only in rare instances will § 2255 fail as an adequate or effective remedy to challenge a conviction or the sentence imposed. In *Bradshaw v. Story*, 86 F.3d 164 (10th Cir. 1996), we held that a district judge's alleged bias did not make § 2255 inadequate, because the prisoner could move to recuse the judge. In *Caravalho v. Pugh*, 177 F.3d 1177 (10th Cir. 1999), we held that the remedy under § 2255 is not inadequate or ineffective merely because the statute greatly restricts second or successive motions. We noted only a few circumstances suggested by courts of appeal as rendering § 2255 inadequate or

ineffective: abolition of the original sentencing court; the sentencing court's refusal to consider, or inordinate delay in considering, the § 2255 motion; and the inability of a single sentencing court to grant complete relief when sentences have been imposed by multiple courts. *See id.* at 1178.[1]

Mr. Sines's argument that § 2255 was inadequate and ineffective rests on his assertion that the district court's dismissal of his § 2255 motion as untimely amounted to a refusal to consider it. He contends that his motion had been timely under 28 U.S.C. § 2255(f)(3) because he filed it within a year of the Supreme Court's decision in *Chambers*.

We are not persuaded. A district court's erroneous decision on a § 2255 motion does not render the § 2255 remedy inadequate or ineffective. After all, the decision could be appealed. Mr. Sines has not argued that the time bar in § 2255, if interpreted correctly, would make the remedy under that section inadequate or ineffective. Having failed to establish that the remedy provided in § 2255 was inadequate or ineffective, Mr. Sines could not proceed under § 2241. We therefore affirm the district court's dismissal of his § 2241 application.

---

[1]Our listing of these suggestions is not an endorsement. Whether to adopt them is a matter for future cases. For example, we regularly see petitions for mandamus when a prisoner believes that a district court is taking too long to resolve a § 2255 motion or an application under 28 U.S.C. § 2254. Because relief by mandamus may be available, *see United States v. Dago*, 441 F.3d 1238, 1249 (10th Cir. 2006), one could conclude that delay does not render § 2255 an inadequate remedy.

## B.     Purported Appeal From Denial of § 2255 Motion

Anticipating that we might affirm the denial of his § 2241 application, Mr. Sines attempts to achieve success through the alternative route of an appeal from the denial of his § 2255 motion.  Because, apparently from oversight, judgment in the § 2255 proceeding was never set out in a separate document, he had until December 8, 2009, to file a notice of appeal from the district court's dismissal of his motion.  *See* Fed. R. Civ. P. 58(c)(2)(B).[2]  (In light of our disposition of this issue on grounds other than timeliness, we need not set forth how we arrived at that precise date.)  His notice of appeal in the § 2241 proceeding was filed on August 5, 2009.  Hence, if that notice is treated as a notice of appeal in the § 2255 proceeding, it was timely.  In our view, however, the notice of appeal cannot be treated as a notice of appeal from the § 2255 ruling.

Under Fed. R. App. P. 3(c)(1) a notice of appeal "must (1) specify the party or parties taking the appeal; (2) designate the judgment from which the appeal is taken; and (3) name the court to which the appeal is taken."  *Becker v. Montgomery*, 532 U.S. 757, 765–66 (2001).[3]  The notice, however, need not be

---

[2]Failure to set out the judgment in a separate document can create a multitude of complications for the parties and the courts.  At our encouragement, the district courts in this circuit have greatly reduced the incidence of this error. But continued vigilance is obviously necessary.

[3]Fed. R. App. P. 3(c)(1) states:

(continued...)

perfect.  Far from it.  Pro se pleadings are to be construed liberally.  *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007).  And the appellate rules state that "[a]n appeal must not be dismissed for informality of form or title of the notice of appeal."  Fed. R. App. P. 3(c)(4).  Accordingly, we should not be hypertechnical in ruling that a notice of appeal does not challenge a judgment or order that the appellant clearly wished to appeal.  "A mistake in designating the judgment appealed from is not always fatal, so long as the intent to appeal from a specific ruling can fairly be inferred by probing the notice and the other party was not misled or prejudiced."  *Sanabria v. United States*, 437 U.S. 54, 67 n.21 (1978); *see also Fleming v. Evans*, 481 F.3d 1249, 1253–54 (10th Cir. 2007) (we have jurisdiction if intent to appeal a particular order is clear).  In keeping with this

_____

³(...continued)

(c) Contents of the Notice of Appeal.

(1) The notice of appeal must:

(A) specify the party or parties taking the appeal by naming each one in the caption or body of the notice, but an attorney representing more than one party may describe those parties with such terms as "all plaintiffs," "the defendants," "the plaintiffs A, B, et al.," or "all defendants except X";

(B) designate the judgment, order, or part thereof being appealed; and

(C) name the court to which the appeal is taken.

lenient approach, we have construed a number of documents as notices of appeal so that a party that lost in district court was entitled to appeal the judgment it intended to appeal. *See*, *e.g.*, *Rodgers v. Wyo. Att'y Gen.*, 205 F.3d 1201, 1204 & n.3 (10th Cir. 2000) (treating application for COA as notice of appeal), *overruled on other grounds by Slack v. McDaniel*, 529 U.S. 473 (2000); *Kenney v. Colorado*, 185 F.3d 874, at *1 n.1 (10th Cir. 1999) (unpublished table decision) (financial affidavit); *Coelho v. Romero*, 185 F.3d 873, at *1 (10th Cir. 1999) (unpublished table decision) (appellate brief); *Sule v. Story*, 124 F.3d 217, at *1 n.1 (10th Cir. 1997) (unpublished table decision) (motion and affidavit for leave to proceed on appeal); *Cattelan v. Utah*, 65 F.3d 178, at *1 (10th Cir. 1995) (unpublished table decision) (docketing statement).

But to treat Mr. Sines's notice of appeal as an appeal from the denial of his § 2255 motion, we would need to overlook much more than a technical flaw. True, his notice satisfies two of the requirements to be a notice of appeal from the § 2255 denial: it names him as appellant, and it gets the appellate court right. The notice fails, however, to identify the judgment being appealed as the denial of his § 2255 motion. On the contrary, the notice identifies it as the "Order of Dismissal of § 2241 July 31, 2009." R., Vol. 1 at 29. Also emphasizing that his appeal relates to the § 2241 proceeding rather than the § 2255 one, his caption on the notice gives the docket number for the § 2241 application, not the number for

his criminal prosecution in which he filed his § 2255 motion[4], and it names the appellee as Warden Wilner, whereas the opposing party in the § 2255 proceeding was the United States of America. It would be too much of a stretch to say that his "intent to appeal from [the § 2255 judgment] can fairly be inferred by probing the notice." *Sanabria*, 437 U.S. at 67 n.21. It is crystal clear that Mr. Sines's intent was to appeal only from the judgment in the § 2241 proceeding.

Nor is this a case in which we can construe a notice of appeal as encompassing an appeal from an order that merged in the final judgment named in the notice. *See McBride v. CITGO Petroleum Corp.*, 281 F.3d 1099, 1104 (10th Cir. 2002) ("An appeal from a final judgment usually draws into question all prior non final orders and all rulings which produced the judgement." (internal quotation marks omitted)). The denial of the § 2255 motion was a distinct final judgment in a different case, not an order merged in the § 2241 judgment. *See In re Martin*, 400 F.3d 836, 841 n.1 (10th Cir. 2005) (*McBride* rule does not apply to a prior final judgment).

---

[4]We note that one court has accepted a notice of appeal that stated the incorrect docket number. *See Trs. of the Constr. Indus. & Laborers Health & Welfare Trust v. Hartford Fire Ins. Co.*, 578 F.3d 1126, 1128 (9th Cir. 2009). But the error was caused by the district court's filing two identical judgments, one in the correct file and one in an inactive file (with the incorrect number); and the notice of appeal attached a copy of the judgment with the correct docket number, so there was no ambiguity regarding what was being appealed. *See id*.

Mr. Sines focuses on the absence of prejudice to the government that would result from permitting an appeal in the § 2255 proceeding. But absence of prejudice does not suffice to justify hearing the appeal. There must also be adequate compliance with Fed. R. App. P. 3. *See Sanabria*, 437 U.S. at 67 n.21 (lack of prejudice is but one of two requirements for treating defective notice as adequate); *Twenty Mile Joint Venture, PND, Ltd. v. Comm'r*, 200 F.3d 1268, 1274 (10th Cir. 1999) (absence of prejudice is not dispositive). Accordingly, we hold that Mr. Sines did not file a proper notice of appeal from the denial of relief in his § 2255 proceeding.

## III. CONCLUSION

We AFFIRM the judgment of the district court. We GRANT Mr. Sines's second motion to take judicial notice and supplement the record on appeal.