FILED
United States Court of Appeals
Tenth Circuit

**July 13, 2010**

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

GERARDO JUAREZ-LOZANO,

        Petitioner - Appellant,

v.

CLAUDE CHESTER, Warden;
UNITED STATES OF AMERICA,

        Respondents - Appellees.

No. 09-3311
(D. Kansas)
(D.C. No. 5:09-CV-03220-RDR)

**ORDER AND JUDGMENT**[*]

Before **HARTZ**, **ANDERSON**, and **TYMKOVICH**, Circuit Judges.

Gerardo Juarez-Lozano, a federal prisoner appearing pro se, appeals the district court's dismissal of his application for relief under 28 U.S.C. § 2241 and its denial of his motion for reconsideration. We agree with the district court that § 2241 was not available to him because a remedy under 28 U.S.C. § 2255 was not inadequate or ineffective. Accordingly, we affirm.

---

[*]After examining the brief and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Mr. Juarez-Lozano filed his claim under § 2241 in the United States District Court for the District of Kansas. He contended (1) that he was sentenced "based on a coerced guilty plea" but "did not appeal his illegal sentence pursuant to 18 U.S.C. § 3742(a)(1)(2), due to the court's violation of Federal Rule Criminal Procedure 32 (c)(5)," R., Vol 1 at 3; (2) that his rights as a native of Mexico under the Vienna Convention were violated in various ways; and (3) that his trial counsel was ineffective. He had previously filed an unsuccessful motion for relief under 28 U.S.C. § 2255.

The district court dismissed the action. It pointed out that a claim under § 2241 is not cognizable "unless . . . the remedy by motion [under § 2255] is inadequate or ineffective to test the legality of [the prisoner's] detention." 28 U.S.C. § 2255(e). Mr. Juarez-Lozano, however, had shown no such inadequacy or ineffectiveness. The court said that it was not enough that a claim under § 2255 might be barred by the statute of limitations, *see id.* § 2255(f), or by the restrictions on second-or-successive motions under § 2255, *see id.* §2255(h).

Mr. Juarez-Lozano filed a motion to reconsider under Fed. R. Civ. P. 59(e) on the ground that § 2255 could not provide an adequate remedy for his claims under the Vienna Convention. The district court denied the motion.

On appeal Mr. Juarez-Lozano argues (1) that § 2241 is the only remedy for a habeas claim based on a treaty violation; (2) that he could not appeal under

18 U.S.C. § 3742 because the sentencing judge violated Fed. R. Crim. P. 32; and (3) that his court-appointed trial counsel was ineffective.

We reject Mr. Juarez-Lozano's contentions. His Vienna Treaty argument fails because § 2255 is available for claims based on treaties. *See Davis v. United States*, 417 U.S. 333, 344 (1974). Mr. Juarez-Lozano has not shown why he could not have brought his treaty claims or his other claims when he filed his original § 2255 motion. The remedy by motion under § 2255 is not inadequate or ineffective simply because now he could be barred by timeliness requirements or the strict restrictions on second or successive motions. *See Sines v. Wilner*, No. 09-1347, 2010 WL 2473163, at *2 (10th Cir. June 21, 2010).

We AFFIRM the judgment of the district court.

ENTERED FOR THE COURT


Harris L Hartz
Circuit Judge