FILED
United States Court of Appeals
Tenth Circuit

November 30, 2010

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

  Plaintiff - Appellee,

v.

OSCAR CHACON,

  Defendant - Appellant.

No. 10-2095

(D. New Mexico)

(D.C. No. 1:10-CV-00303-JEC-RHS)

**ORDER AND JUDGMENT**[*]

Before **MURPHY**, **GORSUCH**, and **HOLMES**, Circuit Judges.

After examining the briefs and appellate record, this court has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

On March 31, 2010, Appellant Oscar Luis Chacon filed a *pro se* pleading styled "Petition for Writ of Audita Querela." Relying on *United States v. Booker*, Chacon sought a reduction in the thirty-year sentence he received for violating 21

[*]This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

U.S.C. § 846, conspiracy to possess with the intent to distribute more than five kilograms of cocaine. *See United States v. Booker*, 543 U.S. 220 (2005). Recognizing he had previously filed a motion pursuant to 28 U.S.C. § 2255,[1] Chacon argued his petition was not a second or successive § 2255 motion but, instead, a properly filed request for a common law writ of audita querela. *See* 28 U.S.C. § 1651. The district court acknowledged it lacked jurisdiction to resolve a second or successive § 2255 motion but assumed, *arguendo,* that Chacon could present his *Booker* claims in a petition for writ of audita querela. The court, accordingly, addressed the merits of Chacon's claims and denied relief, concluding *Booker* does not apply retroactively to cases on collateral review. The court dismissed the petition with prejudice and Chacon has appealed that ruling. Chacon's request to proceed *in forma pauperis* on appeal is **granted**.

We conclude the district court erred by reaching the merits of Chacon's motion. "[A] writ of audita querela is not available to a petitioner when other remedies exist, such as a motion to vacate sentence under 28 U.S.C. § 2255." *United States v. Torres*, 282 F.3d 1241, 1245 (10th Cir. 2002) (quotation

---

[1]The district court denied Chacon's § 2255 motion on July 29, 1997. Chacon did not seek a certificate of appealability from this court. On July 28, 1999, however, he filed a Rule 60(b) motion in the district court, seeking relief from the order denying his § 2255 motion. On appeal, this court concluded Chacon's Rule 60(b) motion was an attempt to circumvent the restrictions on filing second or successive § 2255 motions and affirmed the district court's dismissal of the motion for lack of jurisdiction.

omitted). As we have previously held, "the remedy under § 2255 is not inadequate or ineffective merely because the statute greatly restricts second or successive motions." *Sines v. Wilner*, 609 F.3d 1070, 1073 (10th Cir. 2010); *see also Caravalho v. Pugh*, 177 F.3d 1177, 1179 (10th Cir. 1999) ("[T]he mere fact [a petitioner] is precluded from filing a second § 2255 petition does not establish that the remedy in § 2255 is inadequate.").

Despite the restrictions on second or successive habeas petitions, Chacon must raise his *Booker* claims in a motion filed pursuant to 28 U.S.C. § 2255; he may not raise the claims in a petition for writ of audita querela. Chacon may only file a second or successive § 2255 motion if he first obtains authorization from this court pursuant to 28 U.S.C. § 2255(h). Because Chacon's petition is an unauthorized second or successive § 2255 motion, it should have been dismissed for lack of jurisdiction or transferred to this court. *See In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008). The district court erred by addressing the merits of the claims after assuming the petition was a properly filed petition for writ of audita querela. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 93-94 (1998) ("The requirement that jurisdiction be established as a threshold matter spring[s] from the nature and limits of the judicial power of the United States and is inflexible and without exception."); *In re Cline*, 531 F.3d at 1251 ("A district court does not have jurisdiction to address the merits of a second or successive § 2255 . . . claim until this court has granted the required authorization.").

We **remand** the matter to the district court with instructions to **vacate** its order dated April 14, 2010, dismissing Chacon's petition with prejudice. The district court must either dismiss the petition without prejudice or transfer it to this court if the interests of justice so require. *See In re Cline*, 531 F.3d at 1252-53. We note this is Chacon's second attempt to circumvent the restrictions on second or successive § 2255 motions. The district court may, in its discretion, consider the propriety of imposing filing restrictions on Chacon.

ENTERED FOR THE COURT


Michael R. Murphy
Circuit Judge