**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

JEROME WILLIAMS,

  Petitioner - Appellant,

  v.

CLAUD MAYES,

  Respondent - Appellee.

No. 12-3162

D. Kansas

(D.C. No. 5:12-CV-03107-RDR)

**ORDER AND JUDGMENT**[*]

Before **MURPHY**, **ANDERSON**, and **HARTZ**, Circuit Judges.

  After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

  Jerome Williams, a federal prisoner proceeding pro se, appeals from an order of the United States District Court for the District of Kansas dismissing his

_____

  [*]This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

28 U.S.C. § 2241 habeas corpus petition. Exercising jurisdiction pursuant to 28 U.S.C. § 1291, this court **affirms** the district court's order of dismissal.

A federal jury in the Eastern District of Missouri convicted Williams on one count of being a felon in possession of a firearm and one count of possessing an unregistered firearm. The district court sentenced Williams to a term of imprisonment of 288 months. The Eighth Circuit affirmed. *United States v. Williams*, 194 F.3d 886, 888-89 (8th Cir. 1999). It does not appear Williams ever filed a motion for relief from judgment pursuant to 28 U.S.C. § 2255 in the Eastern District of Missouri.

In July of 2012, while incarcerated at the Federal Correctional Institution in Leavenworth, Kansas, Williams filed the instant § 2241 petition in the United States Court for the District of Kansas. In his § 2241 petition, Williams attacked the validity of his convictions. In particular, he asserted the indictment failed to plead sufficient facts to invoke federal interstate commerce jurisdiction. The district court dismissed Williams's petition, concluding the proper remedy was for him to file a § 2255 motion in the Eastern District of Missouri. *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996). Williams appeals.

Upon de novo review of the record and Williams's appellate brief, this court concludes the district court was correct in dismissing Williams's § 2241 petition. A § 2241 petition is not the proper means to raise the claims set out by Williams. Instead, unless it is inadequate or ineffective, a § 2255 motion in the

Eastern District of Missouri is the exclusive remedy for Williams to challenge his convictions. Williams has not, however, established the inadequacy or ineffectiveness of a § 2255 motion. The mere fact the limitations provisions set out in 28 U.S.C. § 2244(d) would likely render any such § 2255 motion untimely does not establish that statutory remedy is inadequate or ineffective. *Id.*; *Sines v. Wilner*, 609 F.3d 1070, 1072-74 (10th Cir. 2010); *Caravalho v. Pugh*, 177 F.3d 1177, 1179 (10th Cir. 1999). Accordingly, the district was correct to dismiss Williams's § 2241 petition.

The order of the United States District Court for the District of Kansas dismissing Williams's § 2241 petition is hereby **AFFIRMED**.

ENTERED FOR THE COURT

Michael R. Murphy
Circuit Judge