**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**December 5, 2012**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

FABIAN TINNER,

     Plaintiff-Appellant,

v.

THOMAS E. FOSTER, Chief Judge of
the District Court of Johnson County;
DEAN GARLAND, Hearing Officer
Child Support Enforcement Division;
KELLY RYAN, Johnson County
District Court Judge; MELANIE
BUSSE, District Court Hearing
Officer; AMY MITCHELL; JOE
DEWOSKIN,

     Defendants-Appellees.

No. 12-3201
(D.C. No. 2:11-CV-02695-EFM-JPO)
(D. Kan.)

---

**ORDER AND JUDGMENT**[*]

---

Before **KELLY**, **TYMKOVICH**, and **GORSUCH**, Circuit Judges.

---

Fabian Tinner says the judges, hearing officers, and attorneys involved in

his state court divorce and child custody dispute conspired against him. He says

---

[*] After examining the briefs and appellate record, this panel has
determined unanimously that oral argument would not materially assist the
determination of this appeal. *See* Fed. R. App. P. 34(a)(2) and 10th Cir. R.
34.1(G). The case is therefore ordered submitted without oral argument. This
order and judgment is not binding precedent except under the doctrines of law of
the case, res judicata and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

their conduct violated the federal Constitution, the Kansas Constitution, and various statutes, too. For its part, the district court carefully considered these complaints before dismissing them as barred by judicial immunity and for failure to state a claim. Now on appeal, Mr. Tinner asks us to reverse.

But there's a problem. This isn't the first time Mr. Tinner has sought to appeal the dismissal of his complaint. The district court dismissed the complaint in April 2012. In May, Mr. Tinner filed a notice of appeal seeking reversal of the district court's ruling but then failed to do anything to pursue the matter. That left this court no choice but to dismiss the appeal for lack of prosecution. *See* 10th Cir. R. 42.1. Now, Mr. Tinner returns to us by means of a second notice of appeal, this one filed in July 2012, once again seeking to overturn the district court's April dismissal of his complaint. This novel tactic is not contemplated by the federal rules. Not only might Mr. Tinner's latest gambit invite serious claim preclusion problems, it comes much too late: we simply have no jurisdiction to entertain an appeal filed (as here) more than 30 days after the challenged district court judgment. *See* Fed. R. App. P. 4(a)(1); *Bowles v. Russell*, 551 U.S. 205 (2007).

Still, there is one wrinkle. The district court's April dismissal of the complaint didn't dissuade Mr. Tinner. He continued filing many motions with that court even after the court entered judgment against him. So his July 2012 notice of appeal *might* be timely with respect to the district court's disposition of

at least one of these post-judgment motions (one the court dismissed on July 10). But even reviewing Mr. Tinner's notice of appeal with the solicitude owed *pro se* litigants, it's plain he doesn't seek to attack the July 10 ruling but the April dismissal of his complaint. In his notice of appeal, he makes no mention of the July 10 ruling but limits himself to attacking once again the dismissal of his complaint. Given that, we have no authority to consider the only ruling that possibly could have been pursued in this appeal. *See* Fed. R. App. P. 3(c)(1)(B); *Sines v. Wilner*, 609 F.3d 1070, 1074-75 (10th Cir. 2010).

Mr. Tinner's motion for leave to proceed *in forma pauperis* is denied and this appeal is dismissed.

ENTERED FOR THE COURT


Neil M. Gorsuch
Circuit Judge