FILED
United States Court of Appeals
Tenth Circuit

May 16, 2019

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT
_____

ALFRED J. WALKER,

     Petitioner - Appellant,

v.

N.C. ENGLISH, Warden, USP
Leavenworth,

     Respondent - Appellee.

No. 18-3249
(D.C. No. 5:18-CV-03271-JWL)
(D. Kan.)

_____

ORDER AND JUDGMENT*
_____

Before **HARTZ**, **PHILLIPS**, and **EID**, Circuit Judges.
_____

Alfred J. Walker appeals from the denial by the United States District Court for

the District of Kansas of his application for a writ of habeas corpus under 28 U.S.C.

§ 2241.  The district court dismissed his application as barred by 28 U.S.C. § 2255(e),

which prohibits consideration of a habeas corpus application brought by a prisoner who

could have raised his claims in a motion for relief under § 2255(a) unless it "appears that

_____

* After examining the briefs and appellate record, this panel has determined unanimously
that oral argument would not materially assist in the determination of this appeal.  *See*
Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted
without oral argument.  This order and judgment is not binding precedent, except under
the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and
10th Cir. R. 32.1.

the remedy by motion is inadequate or ineffective to test the legality of his detention." R. at 37. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.[1]

Mr. Walker was convicted in the United States District Court for the Western District of Missouri of possession of a firearm by a convicted felon, *see* 18 U.S.C. § 922(g), and sentenced to a term of 180 months' imprisonment under the sentence-enhancement provisions of 18 U.S.C. § 924(e). He unsuccessfully challenged his sentence on appeal to the United States Court of Appeals for the Eighth Circuit. He then brought a § 2255 motion in the Western District of Missouri, which was denied. And he sought authorization from the Eighth Circuit to bring a second § 2255 motion challenging the enhancement of his sentence, but that too was denied.

Mr. Walker now seeks to challenge his sentence under § 2241, which authorizes federal courts to issue writs of habeas corpus to prisoners "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).[2] He claims that under the Supreme Court's decision in *Mathis v. United States*, 136 S. Ct. 2243 (2016), and the Eighth Circuit's decision in *United States v. Naylor*, 887 F.3d 397, 399

---

[1] Mr. Walker is not required to seek a certificate of appealability to appeal from the denial of § 2241 relief, because even though the district court dismissed his application on the basis of a provision in § 2255, the denial was not a "final order in a *proceeding* under § 2255." 28 U.S.C. § 2253(c)(1)(B) (emphasis added); *see Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996).

[2] Though Mr. Walker was convicted and sentenced in the Western District of Missouri, his § 2241 application was properly filed in the District of Kansas, where he is currently confined at the United States Penitentiary in Leavenworth. Although § 2255 motions must be brought in the district where a prisoner's sentence was imposed, § 2241 applications must be brought in the district where a prisoner is confined. *See Hale v. Fox*, 829 F.3d 1162, 1165 (10th Cir. 2016).

2

(8th Cir. 2018) (en banc), his prior convictions for burglary do not constitute violent felonies as defined in 18 U.S.C. § 924(e), and therefore those convictions should not have subjected him to an enhanced sentence under that provision.  But "a prisoner is not authorized to apply for a writ of habeas corpus [under § 2241] if the sentencing court has denied relief under § 2255 unless the remedy by motion under § 2255 is inadequate or ineffective to test the legality of his detention."  *Sines v. Wilner*, 609 F.3d 1070, 1073 (10th Cir. 2010) (brackets, ellipses, and internal quotation marks omitted).

Mr. Walker argues that his § 2255 motion was inadequate or ineffective to test the claim he now asserts, because *Mathis* had not yet been decided when he filed his earlier motion.  But, as he concedes, we held in *Prost v. Anderson*, 636 F.3d 578 (10th Cir. 2011), that a federal prisoner does not "have recourse to § 2241 . . . any time he can demonstrate that his initial § 2255 proceeding finished before the Supreme Court announced a new statutory interpretation that would likely undo his conviction," *id.* at 589, even if his "argument likely would have been rejected on the merits at the district court and circuit panel levels because of adverse circuit precedent, leaving him with only *en banc* and certiorari petitions to try to undo that precedent," *id.* at 590.  Rather, a prisoner is entitled to resort to § 2241 only when there is "something about the initial § 2255 procedure that *itself* is inadequate or ineffective for *testing* a challenge to detention."  *Id.* at 589.

Mr. Walker does not argue that any such impediment existed in his case.  Instead, he urges us to overturn our decision in *Prost*, arguing that it was wrongly decided and is contrary to the approach taken by a majority of other circuits.  But "we are bound by

3

published opinions of prior panels absent en banc reconsideration or a superseding contrary decision by the Supreme Court." *United States v. Jefferson*, 911 F.3d 1290, 1295 (10th Cir. 2018) (internal quotation marks omitted).  He does not identify any such intervening decision.

We **AFFIRM** the dismissal of Mr. Walker's application.

Entered for the Court

Harris L Hartz
Circuit Judge