**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

JONATHAN WAYNE LARRABEE,

  Petitioner - Appellant,

v.

E. WILLIAMS, Warden, F.C.I.
Florence, CO,

  Respondent - Appellee.

No. 20-1092
(D.C. No. 1:19-CV-02994-LTB-GPG)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **LUCERO, BACHARACH,** and **MORITZ**, Circuit Judges.
_____

This appeal stems from Mr. Jonathan Larrabee's habeas petition

under 28 U.S.C. § 2241. Mr. Larrabee challenges his conviction on the

ground that the federal district court lacked jurisdiction. The district court

denied relief, and we affirm based on two procedural defects: (1) a § 2241

---

[*]     We conclude that oral argument would not materially aid our
consideration of the appeal. *See* Fed. R. App. P. 34(a)(2)(C); 10th Cir.
R. 34.1(G). Thus, we have decided the appeal based on the record and the
parties' briefs.

  Our order and judgment does not constitute binding precedent except
under the doctrines of law of the case, res judicata, and collateral estoppel.
But the order and judgment may be cited for its persuasive value under
Fed. R. App. P. 32.1(a) and 10th Cir. R. 32.1(A).

habeas action is not available for Mr. Larrabee to challenge the validity of his conviction and (2) he failed to object to the magistrate judge's report and recommendation.

The first procedural defect involves the form of the action brought in district court. A federal prisoner can collaterally challenge the conviction in two ways: (1) by filing a habeas action under 28 U.S.C. § 2241 and (2) by moving to vacate the sentence under 28 U.S.C. § 2255. The second way, a motion to vacate the sentence under § 2255, is ordinarily the only available remedy for a federal prisoner's collateral challenge to the conviction itself. 28 U.S.C. § 2255(e).

But this limitation on the availability of a habeas action under § 2241 does not apply when a motion to vacate the sentence under § 2255 would provide an inadequate or ineffective remedy. *Prost v. Anderson*, 636 F.3d 578, 581 (10th Cir. 2011) (Gorsuch, J.). The remedy is inadequate or ineffective only if the federal prisoner lacked an opportunity to test the legality of his conviction in a motion to vacate under § 2255. *Id.* at 584, 588. This opportunity is ordinarily available. *See Sines v. Wilner*, 609 F.3d 1070, 1073 (10th Cir. 2010) ("Only in rare instances will § 2255 fail as an adequate or effective remedy to challenge a conviction. . . .").

Before bringing a habeas action, Mr. Larrabee moved to vacate the conviction under § 2255. The South Dakota federal district court denied relief on the merits, *United States v. Larrabee*, Nos. CR-04-10004, CIV-

2

07-11012, 2007 WL 4125241 (D.S.D. Nov. 20, 2007), and the Eighth Circuit denied a certificate of appealability. Mr. Larrabee followed with a request for leave to file a second motion to vacate the sentence, and the Eighth Circuit denied leave. After being denied leave, Mr. Larrabee filed a third motion to vacate the sentence. The district court summarily dismissed Mr. Larrabee's third motion and noted that a second or successive motion could be entertained only if the Eighth Circuit granted authorization. *Larrabee v. United States*, Nos. 1:18-CV-01013-CBK, 1:04-CR-10004-CBK, 2018 WL 9538208 (D. S.D. May 2, 2018). So it appeared that Mr. Larrabee could not obtain further consideration of his claim through a motion to vacate the sentence under § 2255.

Undaunted, Mr. Larrabee filed a habeas petition under § 2241 in the federal district court in Colorado. The magistrate judge noted that Mr. Larrabee could not obtain habeas relief because vacatur of his sentence provided an adequate and effective remedy. Despite the theoretical availability of a remedy for vacatur of the sentence, it would be unavailable in practice because Mr. Larrabee was out of time[1] and couldn't satisfy the requirements for a second or successive motion. *See* 28 U.S.C. §§ 2255(f), (h).

---

[1]    A one-year limitations period exists, 28 U.S.C. § 2255(f), and Mr. Larrabee filed the present habeas petition roughly thirteen years after his appeals were decided.

3

Though Mr. Larrabee couldn't obtain relief through a § 2255 motion, the inability to prevail doesn't mean that the remedy in § 2255 was inadequate or ineffective. *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996); *see Caravalho v. Pugh*, 177 F.3d 1177, 1179 (10th Cir. 1999) ("[W]e agree with the district court that the mere fact Caravalho is precluded from filing a § 2255 petition does not establish that the remedy in § 2255 is inadequate."). Mr. Larrabee has not only sought a remedy under § 2255 but also obtained consideration of his arguments on the merits. So Mr. Larrabee can't challenge his conviction again by starting over through a habeas petition under § 2241.

The second procedural defect took place in the § 2241 proceedings in the federal district court. When recommending the denial of relief, the magistrate judge provided two warnings to Mr. Larrabee:

(1)    He had fourteen days to object and

(2)    the failure to timely object could foreclose appellate review.

Despite the warnings, Mr. Larrabee didn't object. Without any objection, the district judge adopted the magistrate judge's proposed ruling.

The magistrate judge's warning was apt because of the so-called "firm waiver rule." Under this rule, parties waive appellate review by failing to timely object to a magistrate judge's proposed ruling. *Duffield v. Jackson*, 545 F.3d 1234, 1237 (10th Cir. 2008). Two exceptions exist. First, the firm waiver rule does not apply when the magistrate judge fails

4

to warn the party of the deadline to object or the possibility of a waiver if the party fails to timely object. *Id.* Second, we can disregard the waiver in the interests of justice. *Id.* These exceptions don't apply here.

The magistrate judge warned Mr. Larrabee of the fourteen-day period to object and the consequences if he failed to timely object. So the first exception doesn't apply.

Nor does the interests-of-justice exception apply. In determining whether to apply this exception, we consider a pro se litigant's effort to comply, the force and plausibility of the explanation for not complying, and the importance of the issue raised. *Morales-Fernandez v. INS*, 418 F.3d 1116, 1120 (10th Cir. 2005).

Mr. Larrabee hasn't suggested any effort to timely object or provided an explanation for his failure to object. For the sake of argument, we may assume the importance of the issue. But the importance of the issue is outweighed by Mr. Larrabee's failure to show any effort to timely object or to explain his noncompliance. So we decline to apply the interests-of-justice exception.

Given the exclusivity of the remedy under § 2255 and the applicability of the firm-waiver rule, we affirm the denial of habeas relief.

Entered for the Court


Robert E. Bacharach
Circuit Judge