**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**November 23, 2022**

**Christopher M. Wolpert**
**Clerk of Court**

_____

IRA WILLIE GENTRY, JR.,

    Petitioner - Appellant,

v.

JEFFREY H. ROSENLUND,

    Respondent - Appellee.

No. 22-4075
(D.C. No. 2:22-CV-00361-DBB)
(D. Utah)

_____

**ORDER AND JUDGMENT***

_____

Before **PHILLIPS**, **MURPHY**, and **EID**, Circuit Judges.

_____

Ira Willie Gentry, Jr., a former federal prisoner convicted in Arizona and now on supervised release in Utah, appeals the Utah district court's dismissal of his pro se 28 U.S.C. § 2241 petition for a writ of habeas corpus. On appeal, Gentry argues that he may pursue relief under § 2241 because 28 U.S.C. § 2255 is an inadequate or ineffective remedy. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm the dismissal of his petition.

---

    * This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## BACKGROUND

In the late 1990s and early 2000s, Ira Gentry and Randy Jenkins fraudulently caused their company's stock to rise in value and then sold their shares at a large profit—a classic pump-and-dump scheme. *United States v. Jenkins*, 633 F.3d 788, 794–95 (9th Cir. 2011). During its investigation, the government sought to suspend the statute of limitations under 18 U.S.C. § 3292,[1] which the U.S. District Court for the District of Arizona granted. *Id.* at 796. In May 2006, a federal grand jury indicted Gentry and Jenkins. *Id.* A jury convicted Gentry of one count of conspiracy, nine counts of securities fraud, six counts of wire fraud, one count of tax evasion, eleven counts of international concealment money laundering, three counts of concealment money laundering, and four counts of transactional money laundering. *Id.* In 2009, he was sentenced to 180 months' imprisonment. *Id.* at 796–97. Gentry timely appealed his conviction and sentence to the U.S. Court of Appeals for the Ninth Circuit. *Id.* at 793.

"The principal legal issue" before the Ninth Circuit was whether § 3292 suspended the running of the statute of limitations for all counts. *Id.* The court held that the government's submissions to the district court were sufficiently reliable under § 3292, that the § 3292 application was timely, and that the statute of

---

[1] Section 3292 empowers a district court to suspend the statute of limitations "if the court finds by a preponderance of the evidence that an official request has been made for [evidence of an offense] and that it reasonably appears, or reasonably appeared at the time the request was made, that such evidence is, or was, in [a] foreign country." § 3292(a)(1).

limitations remained tolled through the date Gentry and Jenkins were indicted. *Id.* at 797–801. The court thus held that none of the counts were time-barred. *Id.* at 801. It affirmed Gentry's convictions and sentence. *Id.* at 809. The Supreme Court later denied certiorari. *Gentry v. United States*, 565 U.S. 963 (2011) (mem.).

In 2012, Gentry filed a § 2255 motion before the district court in Arizona. He again raised the statute-of-limitations issue, among others. In a report and recommendation, a magistrate judge recommended that the district court not revisit this claim because the Ninth Circuit had addressed it before. The district court adopted the report and recommendation in full and denied Gentry's § 2255 motion. *United States v. Gentry*, No. CV-12-02210-PHX-SRB, 2013 WL 6795957, at *1 (D. Ariz. Dec. 20, 2013).

Gentry completed his term of custody and is now serving a term of supervised release in Utah. In May 2022, he filed the present § 2241 petition for a writ of habeas corpus before the U.S. District Court for the District of Utah. The district court denied his petition, finding that Gentry failed to address why the § 2255 procedure was inadequate or ineffective and thus had "no basis for seeking relief under § 2241." *Gentry v. Rosenlund*, No. 2:22-CV-361, 2022 WL 3045191, at *2 (D. Utah July 11, 2022). Gentry moved the court to reconsider its order, arguing that his prior § 2255 motion had been ineffective in testing the statute-of-limitations claim because the Arizona district court had not addressed it. The court denied reconsideration, noting that "[e]ven if the courts that heard Gentry's direct appeal and previous § 2255 motion failed to address his statute-of-limitations based claims, that does not mean

3

that § 2255 provides an ineffective or inadequate mechanism to test the merits of those claims." *Gentry v. Rosenlund*, No. 2:22-CV-361, 2022 WL 3043098, at *1 (D. Utah Aug. 2, 2022). Gentry timely appealed the denial of his § 2241 petition. We now affirm.

## DISCUSSION

"We review the district court's dismissal of a § 2241 habeas petition de novo." *Brace v. United States*, 634 F.3d 1167, 1169 (10th Cir. 2011) (quoting *Garza v. Davis*, 596 F.3d 1198, 1203 (10th Cir. 2010)). Because Gentry is pro se, we construe his pleadings liberally. *See Ledbetter v. City of Topeka*, 318 F.3d 1183, 1187 (10th Cir. 2003).

A petition brought under § 2241 typically "attacks the execution of a sentence rather than its validity and must be filed in the district where the prisoner is confined." *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996). A § 2255 motion, on the other hand, is generally the exclusive remedy for a federal prisoner seeking to "attack[] the legality of detention and must be filed in the district that imposed the sentence." *Id.* (citations omitted).

A federal prisoner may file a § 2241 petition to challenge the legality of his conviction under the limited circumstances provided in § 2255's "savings clause." Under the savings clause, a § 2241 petition is appropriate if "the remedy by [§ 2255] motion is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e); *see also Bradshaw*, 86 F.3d at 166. The petitioner bears the burden of proving that the remedy in § 2255 is inadequate or ineffective. *Prost v. Anderson*,

4

636 F.3d 578, 583–84 (10th Cir. 2011). The test for applying the savings clause is "whether a petitioner's argument challenging the legality of his detention could have been tested in an initial § 2255 motion." *Id.* at 584. Section 2255 is rarely an inadequate or ineffective remedy to challenge a conviction. *Sines v. Wilner*, 609 F.3d 1070, 1073 (10th Cir. 2010).

Gentry contends that § 2255 is an inadequate or ineffective remedy because the Arizona district court did not address his statute-of-limitations claim in his prior § 2255 motion. He seems to argue that this claim has never been fully adjudicated because the Ninth Circuit allegedly overlooked some of his statute-of-limitations arguments.

Before trial, Gentry joined Jenkins's two motions to dismiss the charges for violating the statute of limitations. The district court denied both motions. Gentry raised the statute-of-limitations issue before the Ninth Circuit on direct appeal, which the court analyzed and then rejected. *Jenkins*, 633 F.3d at 797–801. And in his § 2255 motion, Gentry again presented the issue to the Arizona district court. The district court did not address the issue because it found that the Ninth Circuit already had.

"[U]nder the law-of-the-case doctrine, courts ordinarily . . . refuse to reconsider arguments presented in a § 2255 motion that were raised and adjudicated on direct appeal." *Abernathy v. Wandes*, 713 F.3d 538, 549 (10th Cir. 2013). Because the Ninth Circuit considered and resolved the statute-of-limitations issue, Gentry could not raise it again in his § 2255 motion. *See Hale v. Fox*, 829 F.3d 1162, 1171 (10th Cir. 2016) (citing *Varela v. United States*, 481 F.3d 932, 935 (7th Cir. 2007)).

5

But Gentry's inability to keep challenging the statute of limitations does not make § 2255 an inadequate or ineffective remedial vehicle. *See id.* ("This procedural bar does not render § 2255 'inadequate or ineffective' under § 2255(e)." (citation omitted)); *Abernathy*, 713 F.3d at 551 (noting that a petitioner "whose argument ordinarily would be barred by the law-of-the-case doctrine . . . cannot make such an inadequate-or-ineffective showing because his argument too could have been tested in his initial § 2255 motion").

At bottom, Gentry's concern is not with § 2255 itself, but with how the Arizona district court handled his § 2255 motion. This concern is not enough to invoke § 2255's savings clause. *Prost*, 636 F.3d at 589 ("[I]t is the infirmity of the § 2255 remedy itself, not the failure to . . . prevail under it, that is determinative."). And even if the Arizona district court erred in denying his § 2255 motion or by not considering an argument, that error "doesn't suffice to render the § 2255 remedy itself inadequate or ineffective." *Id.* at 585 (quoting *Sines*, 609 F.3d at 1073).

## CONCLUSION

Because Gentry has not shown that § 2255 was an inadequate or ineffective remedy, the district court correctly dismissed his § 2241 petition. We affirm.

Entered for the Court

Gregory A. Phillips
Circuit Judge

6