**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**July 17, 2013**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

GARRON HAYNES,

        Petitioner - Appellant,

v.

CLAUDE MAYE,

        Respondent - Appellee.

No. 12-3215
(D.C. No. 5:12-CV-03149-RDR)
(D. Kan.)

**ORDER AND JUDGMENT**[*]

Before **BRISCOE**, Chief Judge, **McKAY** and **HOLMES**, Circuit Judges.

Garron Haynes is a federal prisoner currently serving a sentence imposed

by the United States District Court for the Western District of Missouri.

Proceeding pro se,[1] he filed the instant 28 U.S.C. § 2241 petition in the United

---

[*]        After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

       This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Federal Rule of Appellate Procedure 32.1 and Tenth Circuit Rule 32.1.

[1]        We construe Mr. Haynes's filings liberally because he is proceeding pro se. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam); *Garza v. Davis*, 596 F.3d 1198, 1201 n.2 (10th Cir. 2010).

States District Court for the District of Kansas, "the district court for the district wherein [he] is in custody." 28 U.S.C. § 2241(d). The district court dismissed Mr. Haynes's petition for lack of jurisdiction, finding that his assertions of error were not cognizable in a § 2241 petition. Mr. Haynes appeals from that dismissal and seeks to proceed *in forma pauperis* ("IFP"). We affirm the district court's judgment and deny Mr. Haynes's motion to proceed IFP.

## I

Mr. Haynes pleaded guilty to a drug offense in the United States District Court for the Western District of Missouri (the "sentencing court"). The sentencing court imposed a sentencing enhancement pursuant to 21 U.S.C. § 841(b). In his § 2241 petition, filed in the United States District Court for the District of Kansas, Mr. Haynes asserts that the government failed to file the necessary information in the sentencing court under 21 U.S.C. § 851 prior to the entry of his guilty plea. Because of this alleged failure, Mr. Haynes contends that the sentencing court was "without jurisdiction" to impose an increased term of 188 months' imprisonment under § 841's "career offender's provision." R. at 5 (Pet. for Writ of Habeas Corpus, filed June 25, 2012).

The district court dismissed Mr. Haynes's petition, without prejudice, finding that Mr. Haynes sought to challenge the legality of his sentence, and not its execution; thus, reasoned the court, his action was not cognizable under § 2241. Mr. Haynes appeals from this dismissal.

2

## II

Our review of the district court's dismissal of Mr. Haynes's § 2241 petition is de novo. *See Palma-Salazar v. Davis*, 677 F.3d 1031, 1035 (10th Cir. 2012). Because Mr. Haynes is a federal prisoner seeking to proceed under § 2241, he "does not need a certificate of appealability to appeal [the] district court's denial of [his] petition." *Montez v. McKinna*, 208 F.3d 862, 867 (10th Cir. 2000); *see McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 810 n.1 (10th Cir. 1997) ("[A] certificate of appealability under [AEDPA] is not required in order to appeal a final order in a proceeding under 28 U.S.C. § 2241." (citation omitted)).

## III

Mr. Haynes raises two assertions of error on appeal: first, that the district court erred because it concluded that 28 U.S.C. § 2255 was his only remedy, even though (as Mr. Haynes sees it) § 2255 is ineffective due to the one-year limitations period, *see* 28 U.S.C. § 2255(f); and second, that the district court erred because it did not address the substance of his purportedly jurisdictional claim—*viz.*, his claim that the sentencing court lacked jurisdiction to impose an enhanced sentence under § 841 because the government failed to file the requisite information under § 851. Because we conclude that the district court was correct to dismiss Mr. Haynes's petition, we need only opine on his first argument.

The district court was correct to dismiss Mr. Haynes's § 2241 petition because Mr. Haynes seeks to challenge the legality of his sentence, and not the

3

execution of his sentence; accordingly, § 2241 is not the appropriate remedy,

§ 2255 is. *See Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996) ("A 28

U.S.C. § 2255 petition attacks the legality of detention," while "[a] petition under

28 U.S.C. § 2241 attacks the execution of a sentence rather than its validity.").

Moreover, to the extent that Mr. Haynes is attempting to raise a savings-clause

argument of the type that we addressed in *Abernathy v. Wandes*, 713 F.3d 538

(10th Cir. 2013), and *Prost v. Anderson*, 636 F.3d 578 (10th Cir. 2011), his

argument still fails; Mr. Haynes has not demonstrated that his challenge could not

have been tested in a § 2255 motion. *See Abernathy*, 713 F.3d at 547 ("In *Prost*,

we set forth our test [to determine if a petitioner could properly invoke

§ 2255(e)'s savings clause]: we ask 'whether a petitioner's argument challenging

the legality of his detention could have been tested in an initial § 2255 motion. If

the answer is yes, then the petitioner may not resort to the savings clause and

§ 2241.'" (quoting *Prost*, 636 F.3d at 584)).

In particular, we reject Mr. Haynes's sole argument for why § 2255 is

ineffective—that the one-year limitations period has expired.[2] *See* Aplt. Opening

---

[2] Mr. Haynes also argues that § 2255 is not the exclusive remedy for challenging the legality of his sentence. However, such an argument is clearly foreclosed by our precedent, absent some showing that § 2255 is inadequate or ineffective. *See Brace v. United States*, 634 F.3d 1167, 1169 (10th Cir. 2011) ("A § 2255 motion . . . is generally the exclusive remedy for a federal prisoner seeking to 'attack[ ] the legality of detention, and must be filed in the district that imposed the sentence.'" (alteration in original) (quoting *Bradshaw*, 86 F.3d at

(continued...)

4

Br. at 3.  The fact that any § 2255 motion that Mr. Haynes might bring would be time-barred does not render the § 2255 remedy itself inadequate or ineffective. *See Bradshaw*, 86 F.3d at 166 ("Failure to obtain relief under [§] 2255 does not establish that the remedy so provided is either inadequate or ineffective." (quoting *Williams v. United States*, 323 F.2d 672, 673 (10th Cir. 1963)) (internal quotation marks omitted)); *cf. Brace*, 634 F.3d at 1170 ("In *Prost*, this court held that the fact that § 2255 bars a defendant from bringing a statutory interpretation argument in a second § 2255 motion does not render § 2255 an ineffective or inadequate remedy."); *Sines v. Wilner*, 609 F.3d 1070, 1073 (10th Cir. 2010) (explaining that "[o]nly in rare instances will § 2255 fail as an adequate or effective remedy to challenge a conviction or the sentence imposed").

The district court thus properly dismissed Mr. Haynes's § 2241 petition. We **deny** Mr. Haynes's motion to proceed IFP and **affirm** the judgment of the district court.


                                        Entered for the Court


                                        JEROME A. HOLMES
                                        Circuit Judge

---

[2](...continued)
166)); *see also Prost*, 636 F.3d at 581.  And Mr. Haynes cannot establish that § 2255 is inadequate or ineffective.