FILED
United States Court of Appeals
Tenth Circuit

May 24, 2016

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

TOMMIE PERRIS CRAWFORD,

    Plaintiff - Appellant,

v.

UNITED STATES OF AMERICA,

    Defendant - Appellee.

No. 15-3320
(D.C. No. 2:15-CV-09291-CM)
(D. Kan.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **KELLY**, **McKAY**, and **MORITZ**, Circuit Judges.
_____

Tommie Perris Crawford, a federal prisoner proceeding pro se,[1] seeks a certificate of appealability (COA) to appeal the district court's denial of his Fed. R. Civ. P. 60(b) motion. Crawford also seeks leave to proceed on appeal in forma pauperis (IFP). We deny Crawford's request for a COA, deny his IFP motion, and affirm.

---

[*] After examining Crawford's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value. *See* Fed. R. App. P. 32.1; 10th Cir. R. 32.1.

[1] Because Crawford appears pro se, we liberally construe his pleadings. *Gallagher v. Shelton*, 587 F.3d 1063, 1067 (10th Cir. 2009).

Crawford was convicted in the United States District Court for the District of Minnesota and is currently incarcerated in the United States Penitentiary in Leavenworth, Kansas. Crawford initiated this civil proceeding in state court by filing a petition to enforce a "Satisfaction of Judgment." R. vol. 1, 8-9. Crawford identified the plaintiff in the purported in rem proceeding as "a foreign state and international organization" and sought release of that organization's property—i.e., Crawford— under a theory of immunity. *Id.* The government removed the case to federal court and sought dismissal.

The district court construed Crawford's petition as an attack on his federal sentence. The court first noted that if Crawford intended to file a 28 U.S.C. § 2255 motion he should have done so in the district that imposed his sentence. The court then pointed out that, in limited circumstances, a federal prisoner may challenge the legality of a federal sentence in the district of incarceration under 28 U.S.C. § 2241. The court recognized that Crawford didn't invoke either § 2241 or § 2255 in his petition. The court nevertheless concluded that even if it construed the petition as one seeking relief under § 2241, Crawford failed to demonstrate that he was entitled to such relief. The court ultimately dismissed Crawford's claim as legally frivolous.[2]

---

[2] The district court should have immediately screened and dismissed Crawford's claim under 28 U.S.C. § 1915A. *See Plunk v. Givens*, 234 F.3d 1128, 1129 (10th Cir. 2000). Section 1915A's screening process "applies to all prison litigants, without regard to their fee status, who bring civil suits against a governmental entity, officer, or employee," and is "to be applied *sua sponte* and as early as possible in the litigation." *Id.* (quoting *Carr v. Dvorin*, 171 F.3d 115, 116 (2d Cir. 1999)).

Crawford then filed a Rule 60(b) motion seeking relief from the district court's dismissal order and asserting for the first time that he should be allowed to proceed under § 2241(c)(4) because his remedy under § 2255 was ineffective and inadequate. *See* 28 U.S.C. § 2255(e) (permitting a federal prisoner to apply for relief under § 2241 only if § 2255 remedy "is inadequate or ineffective to test the legality of his detention"); *Abernathy v. Wandes*, 713 F.3d 538, 547 (10th Cir. 2013) (explaining that § 2255 remedy "has been found to be 'inadequate or ineffective' only in 'extremely limited circumstances'" (quoting *Caravalho v. Pugh*, 177 F.3d 1177, 1178 (10th Cir. 1999))).

The district court construed the Rule 60(b) motion as one seeking relief under § 2241 through § 2255(e)'s "savings clause," concluded Crawford failed to demonstrate that the remedy provided by § 2255 was inadequate or ineffective merely by asserting such a motion would be time-barred or potentially subject to filing restrictions in the district of his conviction, and denied relief. The district court also denied Crawford's motion to proceed IFP on appeal.

Crawford renews his request for leave to proceed IFP on appeal, and asks us for a COA to appeal the denial of his Rule 60(b) motion. For the following reasons, we deny both requests and affirm the district court's ruling.

We decline to issue a COA because Crawford doesn't need one. The district court construed Crawford's Rule 60(b) motion as a § 2241 application and determined Crawford failed to demonstrate he could invoke § 2255(e)'s "savings clause" to attack the validity of his federal sentence under § 2241. A federal prisoner

3

doesn't need a COA to appeal a final judgment in a § 2241 case. *Eldridge v. Berkebile*, 791 F.3d 1239, 1241 (10th Cir. 2015). And we affirm the district court's ruling because we agree that Crawford hasn't demonstrated—simply by asserting his ability to file a § 2255 motion is barred by timing or filing restrictions—that his case presents one of those "rare instances" in which a federal prisoner may use § 2241, rather than § 2255, to attack the validity of his federal sentence. *Sines v. Wilner*, 609 F.3d 1070, 1073 (10th Cir. 2010); *see, e.g.*, *Haynes v. Maye*, 529 F. App'x 907, 910 (10th Cir. 2013) (unpublished) (noting fact that § 2255 motion is time-barred doesn't render § 2255 remedy inadequate or ineffective); *Garris v. Lindsay*, 794 F.2d 722, 727 (D.C. Cir. 1986) ("It is the inefficacy of the [§ 2255] remedy, not a personal inability to utilize it, that is determinative, and appellant's difficulty here is simply that his circumstances preclude him from invoking it.").

Finally, we deny Crawford's IFP motion because his appeal is clearly frivolous. *See DeBardeleben v. Quinlan*, 937 F.2d 502, 505 (10th Cir. 1991) (noting that to succeed on IFP motion, movant must show "a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal").

Entered for the Court


Nancy L. Moritz
Circuit Judge

4